## STATE v. OBLIZALO.

No. 3755.  Decided  March  22, 1922.  Rehearing  denied  April 12,
1922.   (205 Pac. 739.)

1. HOMICIDE—NOT NECESSARY TO CHARGE AS TO DEGREES OF MURDER
   WHERE HOMICIDE WAS IN COMMITTING ROBBERY.   Under Comp.
   Laws 1917, § 8025, providing that murder committed in perpe-
   tration of robbery is murder in the first degree, and that other
   homicides, besides the kinds specified in the statute, committed
   under such circumstances as would have constituted murder at
   common law, are murder in the second degree, where the evi-
   dence clearly showed that homicide was committed in commit-
   ting a robbery, a charge that the verdict must be guilty of mur-
   der in the first degree or not guilty, and failing to charge as
   to the degrees of murder, was not error.[1]

2. CRIMINAL LAW—WHERE NO TRANSCRIPT OF EVIDENCE IS PRESENT-
   ED, IT IS ASSUMED THAT INSTRUCTIONS WERE BASED ON EVIDENCE
   BEFORE COURT.   Where no transcript of the evidence is present-
   ed on appeal, the court is bound to conclude that the instruc-
   tions to the jury were given in the light of the evidence before
   the trial court.

Appeal from District Court, Third District, Salt Lake
County; *Harold M. Stephens*, Judge.

Nick Oblizalo was convicted of murder in the first degree,
and he appeals.

AFFIRMED.

---

[1] *Brannigan et al.* v. *People*, 3 Utah, 488, 24 Pac. 767; *People* v.
*Hopt*, 4 Utah, 247, 110 U. S. 574, 4 Sup. Ct. 202, 28 L. Ed. 262; *State*
v. *Thorne*, 41 Utah, 414, 126 Pac. 286, Ann. Cas. 1915D, 90; *State* v.
*Mewhinney*, 43 Utah, 135, 134 Pac. 632, L. R. A. 1916D, 590, Ann.
Cas. 1916C, 537.

*Thomas Ramage,* of Salt Lake City, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *W. Hal Farr,* Asst. Atty. Gen., for the State.

CORFMAN, C. J.

The defendant, Nick Oblizalo, on May 21, 1920, after due trial, was convicted before the district court of Salt Lake county on an information filed by the district attorney, charging him and one Steve Maslich jointly with having committed the crime of murder in the first degree. Defendant had a separate trial, and the jury returned a verdict of murder in the first degree without recommendation, upon which judgment was entered in accordance with said verdict, and the defendant sentenced to death by the court. He appeals. Steve Maslich was heretofore tried and convicted of murder in the first degree, and upon an appeal to this court the judgment of the district court was affirmed.

The appeal in this case is before the court for review on the judgment roll alone.

The information filed in the district court, in so far as the same becomes material on the appeal reads:

"Nick Oblizalo and Steve Maslich, having been heretofore duly committed to the court by Henry C. Lund, a committing magistrate of said county, to answer this charge, are accused * * * by this information of the crime of murder in the first degree, committed as follows, to wit: That the said Nick Oblizalo and Steve Maslich, at the county of Salt Lake, state of Utah, on or about the 3d day of August, A. D. 1919, upon one Marko Laus, willfully, unlawfully, feloniously, premeditatedly, and of their malice aforethought, and with the specific intent to take the life of the said Marko Laus, an assault did make with certain deadly weapons, to wit, knives, then and there by them, the said Nick Oblizalo and Steve Maslich, had and held in their hands, and then and there willfully, unlawfully, feloniously, deliberately, premeditatedly, and of their malice aforethought, and with the specific intent to take the life of him, the said Marko Laus, the said knives so had and held in their hands as aforesaid, did strike in and upon the body of him, the said Marko Laus, thereby and thus inflicting in and upon the body of him, the said Marko Laus, divers mortal wounds, from which mortal wounds

the said Marko Laus languished a short time, and then, on or about the 3d day of August, A. D. 1919, at the county of Salt Lake, state of Utah, did die, and so the said Nick Oblizalo and Steve Maslich, in the manner and form aforesaid, willfully, unlawfully, feloniously, deliberately, premeditatedly, and of their malice aforethought, the said Marko Laus did kill and murder, contrary to the provisions of the statute of the state of Utah aforesaid in such cases made and provided, and against the peace and dignity of the state of Utah."

To the foregoing information the appellant, upon being duly arraigned, entered his plea of "not guilty," and, after due trial, the court instructed the jury in manner and form of which the appellant complains, as follows:

"You will note that the charge in this case, as laid in the information, is a charge of willful, deliberate, malicious, and premeditated killing, with a specific intent to take life, and without reference to a robbery. Under the proof as introduced, however, there is no evidence tending to connect this defendant with any kind of a killing, except a killing in the perpetration of a robbery, and it is with the elements of such an offense that you therefore under the proof in the case have to do. Under the laws of this state the killing of a human being in the perpetration of a robbery is murder in the first degree. A robbery is the felonious taking of personal property in the possession of another from his person or immediate presence, and against his will, accomplished by means of force or fear."

The court further charged the jury:

"Your verdict in this case must be guilty of murder in the first degree as charged in the information, or not guilty as your deliberations may result.

It is contended by the appellant that the trial court committed error in thus instructing the jury and in failing to charge as to the degrees of murder, as defined by our statutes (Comp. Laws Utah 1917, § 8025), which reads:

"Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, rape, burglary, or robbery; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed; or perpetrated by any act greatly dangerous to the lives of others and evidencing a depraved mind, regardless of human life—is murder in the first degree. Any other homicide committed under such circumstances

as would have constituted murder at common law is murder in the second degree."

In support of appellant's contention we are cited to the early case of *Brannigan et al.* v. *People,* 3 Utah, 488, 24 Pac. 767, and *People* v. *Hopt,* 4 Utah 247, 110 U. S. 574, 4 Sup. Ct. 202, 28 L. Ed. 262.

In the *Brannigan Case* it was held that a failure to charge the jury in a murder case as to the crime of murder and its degrees, and also as to the offense of manslaughter, and to state the punishment for the various grades of homicide, was error.

In the *Hopt Case,* taken up on appeal from this court to the United States Supreme Court, in an opinion written by Mr. Justice Harlan, it was held that under the Utah statute of 1873 (the same as now under consideration) it was for the jury to say whether the facts of the case made a case of murder in the first or second degree, and that for the trial court to, in effect, charge the jury that the facts made out a case of murder in the first degree was reversible error; in other words, that, while the trial court may state the testimony and declare the law applicable thereto, it must not weigh the evidence and then charge the jury in respect to matters of fact, but should leave them to be the sole judges of the credibility of the witnesses and the weight of the testimony and of the facts.

There can be no doubt but that the rule laid down in these cases is a just, wise, and wholesome one, and that it fully harmonizes with our statutory rules of criminal procedure. Moreover, we think it should be strictly applied and adhered to in every case where, under the evidence, the accused might be consistently found guilty of any one of the degrees of murder or some one of the lesser grades of homicide. However, the rule has no application to the case where the killing takes place in the perpetration of a robbery. In such a case, of necessity, the verdict of a jury must be, as the trial court charged in this case, either murder in the first degree or not guilty, as the jury may find as a result of their deliberation. In this case the trial court, in charging the

jury, points out in the instruction complained of by appellant that—

"Under the proof as introduced, * * * there is no evidence tending to connect this defendant with any kind of killing, except a killing in the perpetration of a robbery."

The court then proceeded with great particularity to instruct the jury as to the essentials to be found by them from the evidence before they might return a verdict of murder in the first degree against appellant.

Not having before us for review a transcript of the evidence in this case, we are bound to conclude that the trial court's instructions to the jury were given in the light of the evidence before it. That being true, if the appellant was implicated at all in the killing of Marko Laus, it was while perpetrating a robbery upon him. Under our statute the killing of another while in the act of committing a robbery is murder in the first degree—it can be no other than that alone. Why then should the trial court have instructed the jury as to the lesser degree of murder or the lesser grades of homicide? In our judgment, had the court done so, not only a grievous error would have been committed, but the legal rights of the appellant to a fair trial would have been seriously interfered with by the court.

The same question was raised in this court by the appellants in the cases of State v. Thorne, 41 Utah, 414, 126 Pac. 286, Ann. Cas. 1915D, 90, and State v. Mewhinney, 43 Utah, 135, 134 Pac. 632, L. R. A. 1916D, 590, Ann. Cas. 1916C, 537. Also before the United States Supreme Court in Davis v. United States, 165 U. S. 378, 17 Sup. Ct. 360, 41 L. Ed. 750. In those cases, after the question was thoroughly discussed and given the most careful consideration, it was held, in accordance with statute, that homicide committed in the perpetration of a felony is murder in the first degree, and also that in such cases instructions in the lesser degree of murder or grades of homicide are unnecessary.

Appellant, in his brief, has pointed out other alleged errors upon which he relies for a reversal of the judgment against him, particularly with respect to the form and substance of the information filed against him, the charge to the jury, and

the failure of the trial court to instruct the jury as requested by him. None of them have any merit.

The judgment roll before us conclusively shows that the pleadings were in proper form, and the proceedings had in this case were ably conducted in accordance with all the substantial rights of the defendant and in accordance with justice and the law. Therefore the judgment of the district court must be, and it is hereby, affirmed.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.