## STATE v. CONDIT.

No. 6417. Decided May 8, 1942. (125 P. 2d 801.)

‛See 31 Am. Jur., 674; 35 C. J. Juries, sec. 392.

*John Moore Williams* and *A. W. Watson*, both of Salt Lake City, for appellant.

*Grover A. Giles*, Atty. Gen., and *Calvin L. Rampton*, Deputy Atty. Gen., for respondent.

WOLFE, Justice.

Appeal by the defendant from a conviction of the crime of murder in the first degree.

The defendant while hitchhiking from Las Vegas, Nevada, on March 20, 1941, was picked up by Harold Thorne, a salesman, in his automobile. Thorne and defendant Condit rode together all that day. Thorne stopped at several towns during the day, and towards evening he started to drive to Cedar City, Utah. Shortly before arriving at Cedar City,

the defendant, believing Thorne was carrying a large sum of money, drew a gun and demanded Thorne's wallet. Thorne stopped the car and handed the wallet to the defendant and at the same time made a grab for the gun. During the ensuing struggle, the defendant shot Thorne. The bullet entered the left side of Thorne's face in front of the ear and emerged below the eye on the right side. Thorne continued to struggle but soon became unconscious. The defendant then dragged Thorne away from the road, hit him over the head with a large rock crushing his skull, and covered the body with branches. The defendant then drove off in Thorne's car.

Later, that same night, he ran through a stop light in Salt Lake City, Utah. After a wild chase by traffic officers through the streets of Salt Lake City, he was apprehended. Upon being questioned by officers as to how he came into possession of the car, the defendant broke down and signed a written confession of the murder and the circumstances leading up to it, as above recited.

The defendant was tried before a jury, found guilty of murder in the first degree with no recommendation for leniency.

Defendant now appeals alleging three errors as the basis for this appeal. First, that prejudicial error was committed in excusing one juror; second, error in refusing to give one of defendant's requested instruction; third, in giving two alleged improper instructions.

As to the first alleged error, we find that the dismissal of Mrs. Verda E. Adams was not erroneous as a matter of law. The Utah Code of Criminal Procedure, 105-31-19, R. S. U. 1933, provides as follows:

"A challenge for implied bias may be taken for all or any of the following causes, and for no other:

\*　　　　\*　　　　\*

"(9) If the offense charged is punishable with death, the entertaining of such conscientious opinions as would preclude his finding the defendant guilty; in which case he must neither be permitted nor compelled to serve as a juror.

"(12)  Having a belief that the punishment fixed by law is too severe for the offense charged."

Counsel and court by their questions and the answers given by the prospective juror clearly indicate that this juryman was properly challenged for cause and dismissed by the court in light of the two sections of our statute set out above.

The court asked:

"Do you believe that the punishment provided by law is too severe [in effect the words of 105-31-19 (12), R. S. U. 1933, supra] when it is for first degree murder committed with malice aforethought and with premeditation, or murder committed during the course of a robbery or some other felony?  When murder in the first degree is limited to such killing would you be opposed to capital punishment for first degree murder?"

Mrs. Adams answered:

"Yes, I would."

Considering all the answers appearing in the record, it clearly appears that Mrs. Adams believed that the punishment of death for murder in the first degree was too severe, and having expressed such a belief she was properly excused under 105-31-19 (12), R. S. U. 1933.

Further, Mrs. Adams admitted that even if the evidence was

"such as to convince the jurors beyond a reasonable doubt that the defendant committed the crime of murder in the first degree without any extenuating circumstances"

that her prejudice against capital punishment would prevent her from finding the defendant guilty.  Under 105-31-19 (9), R. S. U. 1933, supra, Mrs. Adams was properly excused as a juror, for she entertained such "conscientious opinions" as would preclude her from finding the defendant guilty.  In such a case the statute emphatically states

that the prospective juror "must neither be permitted nor compelled to serve as a juror."

The instruction refused by the court and urged as error here, stated that

"if you find that the defendant initiated the commission of a robbery, but further find that he withdrew from or abandoned his attempt to commit such robbery and that he communicated to the deceased such intention to withdraw or abandon that attempted robbery before the homicide in question took place (if you find it was homicide), you may find the defendant guilty of second degree murder as defined in these instructions."

Under 103-28-3, R. S. U. 1933, every murder committed in the perpetration of a robbery is murder in the first degree—it can be no other. That being so, it would have been reversable error for the trial court to instruct as to degrees. *Dickens* v. *People*, 67 Colo. 409, 186 P. 277. In the case of *State* v. *Oblizalo*, 60 Utah 47, 205 P. 739, 740, a similar question arose and this court stated that

"in such a case, of necessity ,the verdict of a jury must be, as the trial court charged in this case, either murder in the first degree or not guilty."

Former cases in this state dealing with the impropriety of such an instruction are *State* v. *Mewhinney*, 43 Utah 135, 134 P. 632, L. R. A. 1916D, 590, Ann. Cas. 1916C, 537; *State* v. *Thorne*, 41 Utah 414, 126 P. 286, Ann. Cas. 1915D, 90; *State* v. *Shockley*, 29 Utah 25, 80 P. 865, 110 Am. St. Rep. 639; *State* v. *King*, 24 Utah 482, 68 P. 418, 91 Am. St. Rep. 808.

A careful search of the record in the instant case fails to disclose any evidence of an abandonment of purpose or commission of a lesser offense than murder in the first degree. The only evidence pertaining to this particular phase was that the defendant pleaded with the deceased to cease his struggles but at all times the defendant continued to hold

on to the gun. No prejudicial error was committed in re-
fusing defendant's instruction.

The court by two instructions stated that if the jury found
beyond a reasonable doubt that the defendant killed
Thorne intentionally or during the course of a rob-
bery " by shooting him or by striking him on the head
with a rock" they should find the defendant guilty of mur-
der in the first degree.

Defendant argues that prejudicial error arose from these
two instructions because it was error to instruct on matters
not in evidence. In other words, that the court should have
instructed only as to a killing by crushing the skull with a
rock and not as to the shooting for, as the doctor testified,
the bullet did not end the life of the deceased. It would tend
merely to daze him. Death being due to a "blow of a blunt
object on the left side of his brain, causing the skull frac-
ture, brain hemorrhage, and death."

Counsel for defendant in his oral argument stressed the
fact that the defendant was prejudiced because the jury
might have recommended, in the absence of these two in-
structions which referred to the shooting, a life sentence in-
stead of death.

Even if we should hold it error for the court to have in-
cluded in its instructions a reference to the shooting as be-
ing a matter not in evidence, it would not be prejudicial
error for it could not possibly have resulted in a miscarriage
of justice. *State* v. *Seyboldt*, 65 Utah 204, 236 P. 225, 226.

The defendant by a written confession and by testimony
given in court admitted that he had committed both acts.
The fact that the jury was given an opportunity to weigh
both acts of violence to determine which caused the death
of the deceased, cannot be declared prejudicial error when
both acts were committed by the defendant himself and as
part of the robbery. If only one act had been done, that of
shooting the defendant, which was proven to be accidental
but which caused the death of the deceased, a verdict of
guilty of murder in the first degree would have been justi-

fied because the killing was done while in the course of robbery. It is possible that if this act, the accidental discharge of a gun, had caused the death the jury might have seen fit to recommend leniency. Where, however, the death was due to a heartles blow from a rock which crushed the skull, and which in all probability put the quietus on the deceased already grievously wounded by a bullet, we cannot see how the absence of a reference to the shooting would cause the jury to recommend leniency.

There being no prejudicial error in the trial below, the judgment is affirmed.

MOFFAT, C. J., and LARSON, McDONOUGH, JJ., and WADE, District Judge, concur.

PRATT, J., not participating.