EL PUEBLO, DEMANDANTE Y APELADO, *v.* LLABRÉS, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por abuso de confianza.

No. 1634.—Resuelto en julio 12, 1921.

JURISDICCIÓN—COMPETENCIA—PRUEBA.—La jurisdicción no es necesario demostrarla con prueba directa y positiva. Será bastante con que pueda razona-

blemente inferirse de los hechos y circunstancias que se hayan probado y estén envueltos en la transacción criminal, o que pueda inferirse de las circunstancias que el delito fué cometido en el sitio alegado.

Jurisdicción—Conocimiento Judicial—Estoppel—Quaere.—Si tratándose de un banco que es depositario de fondos del gobierno, concurriendo este hecho con otros que se expresan en la opinión, puede la corte tomar conocimiento judicial de que el banco está situado dentro de su jurisdicción; y si después de un juicio en que no se ha levantado cuestión alguna de jurisdicción y en el cual la corte pudo haber tomado tal conocimiento judicial, existe un impedimento para levantar la cuestión jurisdiccional en apelación.

Abuso de Confianza—Alegación—Defecto Subsanado por el Veredicto.—En ausencia de una objeción específica a la acusación fundada en que ésta no expresaba claramente que el dinero que se alegaba haber sido sustraído estaba confiado al acusado o había sido recibido por éste en el curso de sus deberes como empleado del banco, los defectos, de existir, fueron subsanados por el veredicto, pues la acusación expresaba aquellos hechos aunque no con la claridad que hubiera sido de desear.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Iriarte, Jr.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

El apelante fué declarado culpable en la Corte de Distrito de San Juan por un delito de abuso de confianza y el primer error alegado en apelación es que la prueba no demuestra que los hechos realizados por el acusado se cometieron dentro del Distrito Judicial de San Juan y por tanto que la corte carecía de jurisdicción.

"Underhill sobre Evidencia Criminal," en el párrafo 36, edición segunda, dice lo siguiente:

"El lugar del delito no es necesario que se establezca por prueba directa y positiva. Es suficiente si puede inferirse razonablemente de los hechos y circunstancias que han sido probados y que están envueltos en el acto criminal. Es bastante si de las circunstancias puede inferirse por el jurado que el delito fué cometido en el condado alegado en la acusación."

Fué llamado a declarar el cajero del banco. Este dijo: "vivo en San Juan de Puerto Rico. Soy el cajero del Banco Colonial Americano." En el examen de este mismo testigo identificó una libreta de banco como perteneciente a una se-

ñora que vivía en Santurce, cuya declaración, siendo Santurce parte de San Juan, sería prueba circunstancial de que el Banco Colonial Americano estaba situado ·dentro de la jurisdicción. El portero del Banco Colonial Americano, que había visto al acusado trabajando, declaró que el testigo vino a San Juan y trabajó en el banco hacia la fecha del supuesto abuso de confianza. Una mujer que tuvo antes el acusado declaró que ella vivió con él en Cataño y a veces venía con él mientras él trabajaba en el Banco Colonial Americano. Ella declaró respecto a varios hechos en relación con el acusado, algunos de los cuales tuvieron lugar en el mismo San Juan y todos dentro de la jurisdicción. Los testigos hablaron del banco como si estuviera muy cerca. Si el banco hubiera estado en cualquier sitio menos en la capital alguna manifestación de ese hecho casi necesariamente hubiera aparecido en los autos. La declaración más importante, sin embargo, fué en el examen de repreguntas del cajero, en el cual él dijo que había empezado en su empleo del Banco Colonial Americano en 1909 ó 1910, aquí en San Juan y al decir que había empezado su trabajo en 1918 quiso significar como cajero. De esta prueba no solamente las circunstancias, sino la prueba positiva demuestran que el Banco Colonial Americano está situado en San Juan.

Hasta podría ser que pudiéramos tomar conocimiento judicial del hecho de que el Banco Colonial Americano ·está situado en San Juan. Es un depositario público y el cheque mensual por el sueldo del juez que conoció del caso fué expedido contra ese banco. Aunque tal vez la facultad de la corte para tomar conocimiento judicial debiera invocarse por una parte, sin embargo, después de un juicio en el que no se levanta ninguna cuestión de jurisdicción y en el cual la corte pudo haber tomado conocimiento judicial, creemos que habría un impedimento (*estoppel*).

El segundo error alegado es que la acusación fué insu-

ficiente toda vez que no expresaba que los fondos de que dispuso el acusado fueron recibidos por él como encargado del departamento de ahorros. El apelante expresa que el acusado pudo haber estado encargado del departamento de ahorros sin que la cantidad defraudada le hubiese sido confiada a su custodia. La acusación es como sigue:

"El fiscal formula acusación contra Antonio Llabrés García, por un delito de abuso de confianza, *felony,* cometido de la manera siguiente: El citado Antonio Llabrés García durante los últimos meses del año 1917 y primeros meses del año 1918, en San Juan, que forma parte del distrito judicial del mismo nombre, y en ocasión de estar encargado del Departamento de Ahorros del American Colonial Bank of Porto Rico, siendo sus deberes como tal empleado, entre otros recibir depósitos e imposiciones en el Departamento de Ahorros a su cargo en el referido banco, de una manera ilegal, voluntaria, maliciosa y fraudulentamente, se apropió en su beneficio y en perjuicio del American Colonial Bank of Porto Rico de una cantidad de dinero no menor de $20,000, defraudando de esta manera de dicha cantidad al American Colonial Bank of Porto Rico. Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de El Pueblo de Puerto Rico."

A falta de una objeción específica a la acusación por el fundamento de que no expresaba distintamente que este dinero hubiera sido confiado a él, o que lo recibió en el curso de sus deberes como tal empleado, creemos que los defectos, de haber alguno, quedaron subsanados por el veredicto pues la acusación a lo sumo es un modo meramente defectuoso de decir que el .dinero fué recibido por él en el curso de sus deberes. En ella se expresa distintamente que mientras estuvo él empleado en el banco se apropió el dinero, y dice también la acusación que su deber era recibir el dinero como tal empleado.

El tercer error alegado fué que la corte cometió error al instruir al jurado diciendo:

"Todas estas circunstancias creo que habrán hecho suficiente impresión en la mente del jurado, con lo cual quiero decir que el jurado

estará perfectamente enterado de cómo era el funcionamiento del Banco Colonial en cuanto se refiere al departamento de ahorros.''

Este supuesto error es algo vago. La prueba de la forma en que el banco funcionaba toda había sido presentada y no fué absolutamente contradicha. La corte no podía decir ni siquiera indirectamente que el jurado estaba obligado a creer que las operaciones del banco eran como fueron descritas por los testigos, como alega el apelante, y aún cuando la corte intentara decirlo así no encontramos prejuicio. Hubo algunas objeciones a la prueba por este fundamento pero fueron abandonadas en apelación y no eran importantes, ni en tanto podemos ver su admisión fué errónea.

El cuarto señalamiento es que la corte cometió error al instruir al jurado expresándose de este modo:

''Como ocasión de esa declaración se presentó por parte del fiscal una prueba documental que consistía en dos libretas del American Colonial Bank y dos hojas que corresponden al libro que se lleva con ese propósito en aquel establecimiento.''

El fundamento de este error es aparentemente que la corte se pronuncia a favor de la pertinencia de esta prueba, pero al llegar el momento de las instrucciones toda la prueba admitida se presume pertinente o esencial. No pudo haber pasión y prejuicio o un grave error de la corte al hablar así de los métodos de teneduría de libro del banco. El apelante en esta parte de su alegato se refiere a sus objeciones a la admisión de esta prueba pero no se hace ningún señalamiento de error por este motivo y no encontramos que la admisión de la prueba sea perjudicial o errónea.

Estos fueron todos los errores alegados y los hemos considerado como han sido planteados. Cuando un apelante se opone a alguna de las pruebas admitidas debe hacerlo por vía de excepción y objeción y luego mediante señalamiento

de error en esta corte. No puede esperarse que investiguemos los autos para ayudar a un acusado que está enteramente representado por abogado, especialmente cuando estamos convencidos por los autos en conjunto de que se impartió justicia. Tal vez una de las principales cuestiones en la mente del apelante, según surge de los autos, fué que la corte permitió que hojas sueltas del banco en substitución de libros se presentaran como prueba para demostrar las sumas acreditadas a favor de los depositantes y contra el banco y que entonces se presentara otra prueba tendente a demostrar que las sumas recibidas por el acusado no aparecieron abonadas en ninguna parte. Estos son métodos corrientes de los bancos y el único nuevo aspecto fué el de las hojas sueltas, de modo que no vemos nada perjudicial o erróneo en su admisión.

Asimismo hubo objeciones a la prueba de que el acusado tenía otros deberes además del de recibir sumas de dinero para las cuentas de ahorros. La acusación fué bastante amplia para incluir esto al decir que los deberes del acusado eran "entre otros" recibir depósitos e imposiciones en el departamento de ahorros. Hubo prueba tendente a demostrar malversación de más de $100, que fué la suma alegada en la acusación como quedó enmendada, en el departamento de ahorros solamente.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.