EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN VEGA, PABLO VEGA Y DOMINGO SANTINI, acusados y apelantes.

No. 2594.—*Visto:* Noviembre 4, 1925. *Resuelto:* Marzo 3, 1926.

1. DERECHO PENAL—APELACIÓN Y ERROR Y CERTIORARI—REVISIÓN—SU ALCANCE—NEGATIVA DE NUEVO JUICIO SOLICITADO.—Fundada una moción de nuevo juicio en manifestaciones que, por información y creencia se atribuyen a un jurado, si no se acompaña a ella declaración alguna jurada para sostenerlas ni en la vista de la misma se presenta evidencia para probarlas, no cabe considerar la cuestión en apelación.

2. DERECHO PENAL—MOCIÓN DE NUEVO JUICIO Y EN ARRESTO DE SENTENCIA—VEREDICTO CONTRARIO A DERECHO O A LAS PRUEBAS—PRUEBA SUFICIENTE PARA SOSTENERLO.—En el caso de autos se alegó que el veredicto era contrario a derecho y a las pruebas. Examinada la evidencia *se resolvió:* que ella relaciona a los acusados con el delito por el cual fueron condenados.

3. DERECHO PENAL—APELACIÓN Y ERROR Y CERTIORARI—SEÑALAMIENTO DE ERRORES Y ALEGATOS—DE LOS ERRORES—ERRORES SOBRE ADMISIÓN DE PRUEBA INDEBIDA.—Cuando la admisión de prueba indebida se alega como error, debe puntualizarse la parte de la evidencia que ha sido admitida indebidamente.

4. Derecho Penal—Evidencia—Hechos en Controversia (*Issue*) y Pertinentes a los *Issues* y *Res Gestae*—Identidad del Acusado—Comparación de Huellas de Pie.—Evidencia de la comparación de huellas de pie, encontradas cerca del sitio donde el delito se cometió, con los zapatos del acusado, es pertinente para identificar al acusado.

Sentencia de *Rafael Díaz Cintrón*, J. (Ponce), condenando a los acusados por delito de escalamiento en primer grado. *Confirmada en cuanto a dos de los acusados, por haber desistido el otro de su recurso.*

*Carlos Brunet*, abogado de los apelantes; *José E. Figueras*, abogado de *El Pueblo*, apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Ramón Vega, Pablo Vega y Domingo Santini fueron acusados y convictos por un jurado del delito de escalamiento en primer grado habiéndoseles imputado en la acusación que el 29 de agosto de 1924 voluntaria y maliciosamente y en el distrito de Ponce penetraron durante las horas de la noche en el almacén de Antonio Costa Semidey con intención de cometer hurto o ratería. Los tres apelaron de la sentencia que les impuso la corte de distrito pero después Pablo Vega ha desistido de la apelación por lo que sólo consideraremos este recurso en cuanto a los otros dos apelantes.

Los acusados solicitaron de la corte inferior que les concediera un nuevo juicio porque el veredicto del jurado era contrario a derecho y a la prueba, especialmente en cuanto a Ramón Vega, y porque fué el resultado de cierta información de mala reputación llevada ante el jurado a espaldas de los acusados y no en el juicio, ya que según información y creencia de los acusados el jurado Sr. Olivieri, después de disuelto el jurado, manifestó que cualquiera que hubiera sido la evidencia él estaba satisfecho porque sabía que los acusados eran de mala reputación.

La negativa del nuevo juicio solicitado es el primer motivo de error alegado en esta apelación siendo los otros dos por haber sido admitida en el juicio cierta evidencia a pe-

sar de la oposición a ella de los acusados y porque el veredicto y la sentencia son contrarios a la prueba y a la ley.

[1] Podemos descartar desde luego la cuestión referente a la manifestación que por información y creencia se atribuye al jurado Sr. Olivieri porque ni respecto de ella se acompañó con la moción de nuevo juicio declaración alguna jurada para sostenerla ni en la vista de esa moción se presentó evidencia para probarla.  Por tanto, sólo tenemos que considerar la suficiencia de la prueba y si fué admitida en el juicio evidencia impropia.

[2] Hemos examinado la evidencia presentada en el juicio y relaciona a los apelantes con el delito por el cual han sido condenados pues el testigo Julio Padilla declaró que la tarde anterior cerró todo el almacén: que vió a las dos de la mañana que el portón estaba abierto y cerca de él encontró dos sacos de café que no estaban en el sitio en que se guardaban, hechos que también declararon otros testigos, habiendo manifestado Antero Ortiz, sereno de otra casa de comercio cercana, que a las dos de la madrugada vió a los acusados que pasaron varias veces por aquel sitio, que cruzaron la calle en cuatro pies llevando el sombrero en la mano, que dos de ellos se metieron en el almacén de Costas Semidey por una puerta que hay en el callejón, quedando otro de ellos, Ramón Vega, junto a la muralla del almacén, por lo que mandó a buscar a un policía y que cuando éste llegó sacaban dos sacos de café y los tiraron al ver al testigo y al policía y echaron a correr.

[3] En cuanto al otro error alegado, los apelantes no puntualizan la parte de evidencia que ha sido admitida indebidamente limitándose a referirse a varias páginas de la transcripción de la prueba y a decir que se permitió que el testigo Padilla declarase sobre lo que había hecho y había visto después de haberse consumado el delito.  Ese testigo declaró que a eso de las dos de la madrugada fué avisado de que el almacén estaba abierto por lo que fué en seguida allí encontrándolo en la forma dicha antes: que en el sitio

donde fueron encontrados los dos sacos, cerca del portón, se notaban huellas bien marcadas de zapatos de tennis: que esa misma madrugada fué a la casa de Ramón Vega quien estaba acostado vestido y con zapatos de tennis: que Ramón Vega fué con el testigo y con otras personas al almacén y que sus zapatos coincidían con las huellas encontradas en él.

[4] Evidencia de la comparación de huellas de pie encontradas cerca del sitio donde el delito se cometió con los zapatos del acusado es pertinente para identificar al acusado. 16 C. J. 548.

Por los motivos expuestos debe ser *confirmada la sentencia en cuanto a Ramón Vega y Domingo Santini,* quienes han sostenido la apelación que interpusieron.