EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* VÍCTOR A. CARBONELL, acusado y apelante.

No. 2842.—*Resuelto:* Mayo 17, 1927.

1. DERECHO PENAL—APELACIÓN Y ERROR Y CERTIORARI—SEÑALAMIENTO DE ERRORES Y ALEGATOS—DE LOS ERRORES—ERRORES SOBRE ADMISIÓN DE PRUEBA.—Cuando se admite prueba indebidamente, el señalamiento de error a ese respecto debe permitir, tan concisamente como sea posible, que el Supremo, al examinarlo, sepa la naturaleza del error que se supone cometido.
2. DERECHO PENAL—APELACIÓN Y ERROR Y CERTIORARI—SEÑALAMIENTO DE ERRORES Y ALEGATOS—DE LOS ERRORES—EN GENERAL.—Aunque un señalamiento de errores sea defectuoso, la corte, en su discreción, puede tomarlo en consideración.
3. DERECHO CONSTITUCIONAL—DEBIDO PROCEDIMIENTO DE LEY—EN CAUSAS POR DELITOS U OFENSAS—INDEBIDA ADMISIÓN DE PRUEBAS.—La indebida admisión de prueba difícilmente levantaría una cuestión federal—falta de debido procedimiento de ley.
4. DERECHO PENAL—APELACIÓN Y ERROR Y CERTIORARI—DESESTIMACIÓN, VISTA Y RECONSIDERACIÓN—RECONSIDERACIÓN DE SENTENCIA—CUESTIÓN CONSTITUCIONAL TARDÍA.—Es demasiado tarde para levantar en una corte superior, por medio de una moción de reconsideración, una cuestión constitucional.

MOCIÓN sobre reconsideración de sentencia.
*R. Rivera Zayas, Manuel A. Martínez* y *Pedro Baigés,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

[1] El juez que suscribe estuvo conforme con la sentencia de esta corte sobre la cuestión discutida, principalmente

por el fundamento de que el artículo 302 del Código de Enjuiciamiento Criminal abarcaba completamente el primer señalamiento de error.   Dicho artículo dice así:

"La concesión de un nuevo juicio, coloca a las partes en la misma situación que si no se hubiera celebrado un juicio anterior. Todas las pruebas deben presentarse de nuevo y no puede utilizarse el veredicto anterior o referirse a él, ni como prueba, ni como argumento, ni alegarse para impedir cualquiera declaratoria de culpabilidad que pudiera haberse obtenido, fundada en la acusación."

Además, como el acusado fué convicto tan sólo de homicidio, creo que bajo todos los hechos de este caso especial cualquier posible error no fué perjudicial.

Sin embargo, el juez que suscribe estuvo enteramente de acuerdo con la manera en que fueron resueltos los otros señalamientos de error.   Estos dicen así:

"2. La Corte erró al admitir determinada evidencia que se transcribirá en este alegato en el curso de la discusión de este error, y que fué completamente perjudicial para el acusado.

"3. La Corte erró al denegar ciertas instrucciones solicitadas por el acusado y que constan en las páginas diez y nueve y veinte de los autos elevados a este Hon. Tribunal Supremo."

Este señalamiento de errores era enteramente inadecuado. Cuando se admite prueba indebidamente, el señalamiento de error a este respecto debe permitir, tan concisamente como sea posible, que esta corte, al examinarlo, sepa la naturaleza del error que se supone haberse cometido.   Por ejemplo, en este caso tal vez hubiese sido suficiente decir que la corte, al admitir evidencia para probar los motivos del acusado, erróneamente permitió que El Pueblo entrara en detalles y que incidentalmente se trajeran ante el jurado, demasiado extensamente, cuestiones referentes a la expulsión del acusado de un casino, afectándose en esa forma la reputación de dicho acusado ante el jurado.   Este hubiese sido un señalamiento de error, pero bajo el señalamiento, tal como fué presentado, el abogado no solamente hacía que consideráramos la admi-

sión de la prueba anterior, única por su naturaleza, sino también otro supuesto error al permitir la introducción de prueba con respecto a las actuaciones de otra persona, es decir, del Dr. Ramírez. Este supuesto error con respecto al Dr. Ramírez debió haber sido señalado separadamente.

Los siguientes casos son aplicables a estas proposiciones: *García* v. *Porto Rico Railway, Light & Power Co.*, 35 D.P.R. 79; *Silva* v. *Carbonell,* 35 D.P.R. 244; *El Pueblo* v. *Vega* 35 D.P.R. 115. En el caso de *People* v. *Foster* (Cal. App.), 192 Pac. 142, la corte resolvió que señalamientos en que se quejaban de resoluciones de la corte respecto a la admisión de cierta prueba, sin especificar determinadas resoluciones o indicar en qué eran erróneas, no podían ser revisados. Para demostrar que ésta es la ley bastará hacer citas del tomo 17 de Corpus Juris, páginas 183 y 181, párrafos 3484 y 3475, así:

"3484.—Con el fin de obtener una revisión de resoluciones sobre admisión o exclusión de evidencia, deberá indicarse específicamente el error o errores cometidos. Hablando más específicamente, el señalamiento de errores debe indicar la prueba determinada cuya admisión o exclusión se alega es errónea, o deberá expresarse tal prueba en el señalamiento. Si el señalamiento se refiere a la exclusión de evidencia, deberá indicarse que era lo que se esperaba que el testigo declarara; que la evidencia era material y pertinente y merecedora de ser admitida; la resolución de la corte al ofrecerse la presentación de la evidencia, y que se informó a ésta de la naturaleza de la evidencia al tiempo de dictar su resolución. Si el señalamiento de error se refiere a la admisión de evidencia, deberá expresarse la pregunta hecha o la que se ofreció hacer, las objeciones hechas y las resoluciones de la corte sobre la cuestión. De acuerdo con algunos estatutos no se revisarán errores cometidos al admitirse prueba a menos que se haga referencia a aquella parte de los autos que demuestre tal admisión.

"3475.—No siendo el deber de la corte investigar los errores que no han sido específicamente indicados, el señalamiento de errores debe indicar clara y específicamente los errores en que se basa la apelación, y si tal señalamiento es demasiado general o incierto, generalmente la corte se negará a tomarlo en consideración. No

obstante, aunque el señalamiento de errores puede ser defectuoso, la corte, en su discreción, puede tomarlo en consideración. Especialmente en un caso de pena capital la regla puede hacerse menos rigurosa y examinarse los autos cuando el fiscal no alegue la insuficiencia del señalamiento.''

[2] No hemos sido, ni es nuestra intención serlo, tan estrictos como otras cortes, pero debe haber cierto cumplimiento con las reglas de certeza y especificación. En el caso de *El Pueblo* v. *Llabrés,* 29 D.P.R. 749, dijimos:

''. . . . No puede esperarse que investiguemos los autos para ayudar a un acusado que está enteramente representado por abogado, especialmente cuando estamos convencidos por los autos en conjunto de que se impartió justicia.''

A pesar de esta jurisprudencia, el nuevo abogado del acusado, en vez de alegar una supuesta injusticia grave cometida contra el apelante, insiste en que se había señalado el error correspondiente.

Examinemos los supuestos errores en unión con la justicia de este caso. La evidencia objetada tendía a probar, más bien que otra cosa, deliberación y premeditación por parte del acusado al disparar al capitán Martínez. El veredicto del jurado absolvió en estos extremos al acusado. En 30 C. J. 440 se dice:

''No se perjudica al acusado, ni éste tiene derecho a una revocación por tal fundamento, al cometerse errores que se refieren únicamente a un grado mayor del delito que el de que se le declaró culpable, o errores triviales e insubstanciales cuando la prueba es suficiente para sostener un veredicto por un delito mayor que el de que se le declaró culpable.''

Y luego en la página 441 se dice:

''Se ha resuelto que a veces un veredicto de homicidio subsana y hace no perjudicial un error cometido al admitirse determinada prueba, ya que puede demostrar que la evidencia admitida por error no tuvo en absoluto valor alguno para el jurado, y que el jurado resolvió a favor del acusado el extremo a que la evidencia se refería.''

Aún si la evidencia admitida hubiese tenido alguna otra tendencia, no encontramos que haya perjuicio ni que se haya cometido un verdadero error.   En tanto en cuanto la moción de reconsideración no es una especie general de súplica para que esta corte considere como error la admisión de cualquier evidencia que tendiera a demostrar las relaciones del acusado con otra persona que el interfecto, su tendencia es demostrar que la corte erró al admitir en su totalidad prueba sobre la expulsión del acusado del casino de Cabo Rojo.   No hallamos error posible en la admisión de prueba sobre todo el acta de la expulsión.   Este acontecimiento, en cuya formulación el interfecto tomó parte, indudablemente tendió a enfurecer al acusado.   Antes de haberse presentado prueba sobre este extremo, El Pueblo había tratado de probar, sin lograrlo, la expulsión, sin presentar el acta en sí, y el acusado insistió en que tal acta era la mejor prueba, con lo cual estamos de acuerdo.   Sobre esta teoría fué que la corte admitió el acta.   El abogado pudo haber impedido la presentación de todo el documento ofreciendo aceptar el hecho de la expulsión.   En vez de hacer esto, la defensa objetó que el documento que se ofrecía como prueba era enteramente inadmisible.

La regla general que se deduce de la jurisprudencia es que cuando un documento se ofrece como prueba y es admitido, esto se hace para todos los fines.  Sin embargo, dentro de la discreción de la corte, puede ofrecerse parte de un documento, y tal vez la mejor práctica en ciertos casos es que la parte que lo presenta lo ofrezca solamente para determinado fin.   En casos dudosos, la corte tiene amplia discreción.  Wharton's Criminal Evidence, Décima Edición, párrafo 521; *Waller* v. *State,* 102 Ga. 684, 28 S. E. 284; Wigmore on Evidence, párrafo 2102; 16 Corpus Juris 858 (sostenido por *Hauser* v. *People,* 210 Ill. 253, 71 N. E. 416; *State* v. *Williams,* 76 S. C. 135, 56 S. E. 783; *State* v. *Zamofsky,* (N. J.) 105 A. 71); Ley de Evidencia, artículo 23.

La corte lo admitió, según hemos indicado, bajo la teoría de que era la mejor forma de probar la expulsión y, según entendemos, para probar ese extremo únicamente. Tampoco se demuestra que todo el documento fuera leído al jurado. Dada la actitud de la corte, no asumiremos que ante el jurado se hiciera énfasis sobre ·nada contenido en el documento excepto el hecho de la expulsión, o que fuera ampliado para otros fines. Por lo menos cuando se hablaba al jurado, el abogado de la defensa, en el supuesto de que el documento contuviera algo ajeno a la cuestión, pudo haber protegido a su cliente mediante moción, objeción, o en alguna otra forma. Ni en el alegato original ni en la moción de reconsideración hay especificación alguna sobre la materia contenida en el acta de la expulsión tendente a denigrar el carácter del acusado, a no ser el hecho mismo de la expulsión. Del documento en sí aparece que el acusado fué expulsado ·debido a su conducta impropia hacia una señora en el salón de baile. En el documento no se mencionaba el ·nombre de la señora, lo que era material y pertinente, ya que se demostró que la señora era la esposa del interfecto y que con tal motivo, éste último riñó con el acusado.

Antes del fiscal ofrecer la prueba y mientras hacía su informe de apertura, la corte estaba enteramente en lo cierto al resolver que no podía juzgar la materialidad, pertinencia o admisibilidad de la misma para demostrar el motivo. Después de hacerse objeción, la corte dijo al fiscal que no entrara en muchos detalles y no hallamos que se hiciera referencia perjudicial a detalles en las observaciones del fiscal hechas posteriormente.

No hallamos que se haya cometido error en la admisión de las amenazas del acusado hacia el Dr. Ramírez o del papel que éste desempeñó en el casino al tiempo de la expulsión. Las relaciones del acusado con los socios del casino estaban entrelazadas o conectadas con la ira que él sentía contra todos aquellos que habían tomado parte ac-

tiva en la expulsión, y, según dijo el fiscal, tenían alguna conexión con la cuestión de deliberación y premeditación.

[3, 4] Notamos que en la moción de reconsideración se hace referencia a la falta de debido procedimiento de ley. La indebida admisión de prueba difícilmente levantaría una cuestión federal y tenemos idea de que tal cuestión sería frívola. Además, probablemente es demasiado tarde para levantar en una corte superior por medio de una moción de reconsideración una cuestión constitucional. Si estamos en lo cierto al declarar el primer señalamiento de error sin lugar, entonces toda esta prueba fué admitida debidamente para demostrar deliberación y premeditación, de lo cual el acusado fué absuelto. De suerte que todo el caso giraría alrededor de la resolución del primer señalamiento de error. Este fué el único error que fué debidamente señalado o sobre el cual se hizo hincapié durante la vista.

Aún suponiendo que se haya cometido algún ligero error o supuesto perjuicio, no hallamos injusticia alguna. Los autos nos convencen de lo contrario. Al escribir esta opinión hemos penetrado más detenidamente en el caso de lo que tal vez debíamos hacerlo, porque a veces es prudente indicar por qué con frecuencia se declaran sin lugar mociones de reconsideración sin emitirse opiniones.

En ausencia del debido señalamiento de errores y no estando convencidos de que se cometiera error o perjuicio, y convencidos de la justicia del veredicto y de la sentencia, creemos que estuvimos enteramente justificados al decir en nuestra opinión original que las otras cuestiones que se trataban de levantar no requerían seria consideración.