El Pueblo de Puerto Rico, demandante-apelado, *v.* Ignacio Menéndez, acusado-apelante.

No. 4608.—*Sometido:* Abril 26, 1932. *Resuelto:* Abril 29, 1932.

*R. Martínez Nadal,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

■■ Ignacio Menéndez fué convicto de homicidio involuntario por haber conducido negligentemente un automóvil por la carretera pública y haber ocasionado la muerte de Juan Antonio Martínez. El acusado radicó una moción de nuevo juicio que la corte declaró sin lugar. El haberse declarado sin lugar esta moción sirve de objeto al primer señalamiento de error. El apelante tiene la idea de que una moción de nuevo juicio debe ser contestada por el fiscal y que los hechos aducidos en tal moción tienen peso faltando tal negativa. La ley es muy distinta. El veredicto de un jurado es siempre el hecho sobresaliente. El acusado tuvo su día en corte y su culpabilidad, sujeta a revisión, fué probada. Nada de lo que el acusado dice en una moción de nuevo juicio, cae dentro de las reglas de procedimiento que conducen a una controversia. Tal controversia fué decidida por el jurado en este caso. Si bien el fiscal de distrito tiene la oportunidad o el derecho de suscitar cualquier cuestión relativa a una moción de nuevo juicio, la corte y el público están interesados en sostener un veredicto hasta que el acusado convenza a la corte de que el veredicto fué erróneo. De forma que el acusado debe convencer a la corte de la certeza de su moción.

El acusado alegaba en su moción de nuevo juicio que algunos de los miembros del jurado tenían prejuicio contra él, toda vez que manifestaron en su juramento preliminar (*voir dire*) que nada sabían de los hechos del caso, mientras que en verdad ellos procedían de Vega Baja y habían oído hablar del accidente. El acusado no ofreció prueba alguna para demostrar esos hechos y, necesariamente, la moción tenía que ser declarada sin lugar. La actuación de la corte inferior está

sostenida por el caso de *El Pueblo* v. *Vega,* 35 D.P.R. 115. Este caso también sostiene la idea de que el acusado debe actuar ora el fiscal conteste los hechos de la moción de nuevo juicio o no.

■ El otro fundamento de la moción de nuevo juicio fué que la prueba era contraria al veredicto, y esto también sirve de objeto al tercer señalamiento de error. Hubo prueba tendente a revelar que el acusado conducía su automóvil con luces opacas, casi totalmente apagadas; que un automóvil venía detrás del vehículo del acusado y otro en dirección opuesta, y que el acusado echó su automóvil hacia la derecha sin dar señal o aviso y ocasionó la muerte de Juan Antonio Martínez. Con las debidas instrucciones, la prueba era suficiente para someter el caso al jurado y no podemos decir que el jurado debió haber tenido duda razonable de la culpabilidad del acusado.

■ El segundo señalamiento de error se refiere a haber dejado la corte de dar cierta instrucción. La supuesta súplica traída a nuestra atención a virtud de unos autos enmendados, pedía de la corte que instruyera al jurado que el mero hecho de que el acusado fuera culpable de negligencia no era suficiente para condenarlo, a menos que tal negligencia fuera la causa próxima de la muerte. La corte, en sus instrucciones generales, abarcó la instrucción solicitada, toda vez que manifestó al jurado que si éste hallaba que el acusado había dejado de ejercer ese grado de cuidado y prudencia que las circunstancias exigían y que debido a tal falta alguien fué perjudicado, el acusado había incurrido en negligencia. Además, en otra parte de las instrucciones, la corte manifestó que si el acusado, sin tener la debida circunspección, causó la muerte de Juan Antonio Martínez, él era culpable de homicidio involuntario.

*Debe confirmare la sentencia.*