EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANASTACIO ANDINO, acusado y apelante.

Núm. 7562.—*Sometido:* Abril 25, 1939. *Resuelto:* Junio 9, 1939.

*Rogelio Fernández Garzot* y *Faustino R. Aponte,* abogados del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El apelante fué acusado de un delito de ataque para cometer violación. La acusación en lo pertinente dice así:

"El referido Anastacio Andino en uno de los días del mes de diciembre de 1936, en la municipalidad de Humacao, dentro del Distrito Judicial de Humacao, P. R., ilegal, voluntaria, maliciosa y criminalmente, atacó a la niña menor de catorce años de edad, Fermina Castro, conocida también por Ana Castro Stella, y quien no era esposa del acusado, tratando de llevar a cabo con ella actos carnales contra su voluntad y sin su consentimiento, empleando para ello fuerza y violencia, tratando así de vencer la resistencia que a la realización de tal acto opusiera dicha mujer Fermina Castro, conocida también por Ana Castro Stella."

El jurado trajo un veredicto declarándolo culpable de ataque para cometer violación. Solicitó nuevo juicio y le fué denegado. Contra la resolución denegatoria del nuevo juicio y contra la sentencia que lo condenó a dos años de presidio con trabajos forzados estableció el presente recurso. Lo funda en dos errores que alega fueron cometidos por la corte inferior, a saber:

1. Al negarse a transmitir la instrucción sobre acometimiento y agresión grave que solicitó el acusado.

2. Al condenar al acusado careciendo de jurisdicción sobre el caso por no haberse probado el sitio donde ocurrió el supuesto delito.

██ La procedencia de instrucciones sobre acometimiento y agresión grave depende exclusivamente de la evidencia que tuvo ante sí el jurado, pues el hecho de que un delito menor

pueda estar comprendido en el mayor que sea objeto de la acusación, no justifica al juez para dictar instrucciones sobre el menor, a menos que haya alguna evidencia que pueda servir de base a un veredicto declarando al acusado culpable de dicho delito. En este caso el acusado se abstuvo de presentar evidencia a su favor. La única que tuvo ante sí el jurado fué la ofrecida por el fiscal. De ella resulta que la supuesta ofendida no había llegado a la edad de catorce años en la fecha en que se realizó el supuesto delito. Que ese día se hallaba sola en su casa y que mientras trataba de cerrar una ventana, el acusado penetró por la cocina y, agarrándola fuertemente, la echó al suelo. Le desgarró los pantalones y, teniendo él el miembro viril por fuera en estado de erección, luchó con la niña para tener contacto carnal con ella. Le puso sus rodillas sobre los muslos de ella, le tapó la boca con una mano para que no fueran oídos sus gritos de auxilio y cuando ya estaba acostado sobre ella, cansada ésta de luchar, llegó un hermano de la niña y, al armarse de un machete para defenderla, el acusado se dió a la fuga. La madre de la niña, que llegó unas horas después, la examinó y encontró que sus partes estaban ''enconadas'' y que tenía ''cardenales'' y rasguños en los muslos.

No hubo prueba alguna de que el acusado atacara la niña con otra intención que no fuera la de violarla. En tales condiciones, de ser creída por el jurado la evidencia no controvertida del fiscal, el único veredicto compatible con la misma era el rendido y por consiguiente hubiera cometido error el tribunal inferior al dar instrucciones que no hubieran estado justificadas por la prueba. 14 Ruling Case Law 792; *State* v. *Angle,* 215 P. 531; *Tipton* v. *State,* 31 A. L. R. 1074; *El Pueblo* v. *Mediavilla,* 54 D.P.R. 565, y *Sparf and Hansen* v. *U. S.,* 156 U. S. 51, 57.

■ Considerando ahora el segundo error, tenemos que aceptar que de la evidencia no consta que en momento alguno se dijera por los testigos que el barrio Pasto Viejo pertenecía al municipio de Humacao. Es ése un sitio tan conocido en

Humacao y fuera de allí, que parece que abogados, testigos y jurados estaban todos bajo.la impresión de que se trataba del barrio Pasto Viejo que todos ellos conocían por estar tan próximo a la ciudad de Humacao y existir allí una conocida factoría azucarera que lleva por nombre Central Pasto Viejo. Las circunstancias todas no dejan duda alguna de que tanto el jurado como todos los que en alguna forma jugaban algún papel en el juicio tenían en mente al barrio de Pasto Viejo de la municipalidad de Humacao, y no otro. De la acusación misma que debió ser leída en corte abierta en presencia del jurado, al prestar éste su juramento definitivo, resulta que el supuesto delito se realizó en la municipalidad de Humacao. En sus instrucciones al jurado el juez empezó por leerles la acusación que como hemos visto indica el municipio de Humacao como el sitio donde se realizó el supuesto delito y más adelante en el curso de sus instrucciones volvió a decirles el juez: "En este caso la teoría de El Pueblo es la siguiente: que el día de los hechos...esta niña vivía en un sitio aquí en Humacao conocido por Pasto Viejo...; que estando sola...llegó este acusado a su hogar y penetró en el mismo, la agarró fuertemente..."

La defensa no protestó ni tomó excepción alguna a la instrucción de la corte al efecto de que el supuesto delito se había realizado en la municipalidad de Humacao. Pero además en la declaración de la supuesta ofendida encontramos lo siguiente:

"P.—¿En qué otro sitio lo has visto (se refiere al acusado), si lo viste en algún otro sitio?

"R.—Cuando nosotros veníamos por la carretera de Pasto Viejo.

"P.—¿De dónde venías?

"R.—De la plaza para acá.

"P.—¿A dónde venías?.

"R.—A declarar."

(Transcripción de Evidencia, pág. 6.)

Lo transcrito demuestra que la ciudad de Humacao está conectada por una carretera con el barrio de Pasto Viejo, de donde venía la testigo para la corte de distrito.

. El propio abogado defensor, interrogando a la testigo Juana Castro Stella, madre de la niña, le preguntó: "¿Como a qué hora vino al pueblo usted ese día?"

Indudablemente el pueblo a que la defensa se refería era aquél en que el abogado se encontraba en los momentos en que interrogaba, o sea el de Humacao, pues de otro modo no hubiera dicho "vino al pueblo" sino "fué al pueblo".

Es regla bien establecida que el sitio donde se cometió el delito puede establecerse por evidencia circunstancial: Abbott's Criminal Trial Brief, tercera edición, pág. 1020, y casos citados.

La cuestión no es nueva en esta jurisdicción. En el caso de *El Pueblo* v. *Llabrés,* 29 D.P.R. 749, en que la evidencia sólo demostraba que el delito se había cometido en el Banco Colonial Americano, sin que apareciera dónde estaba establecido el mismo, esta corte sostuvo la jurisdicción de la Corte de Distrito de San Juan. Tomamos del *syllabus:*

"La jurisdicción no es necesario demostrarla con prueba directa y positiva. Será bastante con que pueda razonablemente inferirse de los hechos y circunstancias que se hayan probado y estén envueltas en la transacción criminal, o que pueda inferirse de las circunstancias que el delito fué cometido en el sitio alegado."

Véase además Underhill on Criminal Evidence, cuarta edición, sección 96, pág. 116, citado con aprobación en el caso de *Pueblo* v. *Llabrés,* supra.

*A nuestro juicio, no se ha cometido ninguno de los dos errores señalados por el acusado. Por consiguiente, procede desestimar el recurso y confirmar la sentencia apelada.*