[No. 20398.   In Bank. — September 28, 1888.]

## THE PEOPLE, RESPONDENT, *v.* FRANK TRAVERS, APPELLANT.

CRIMINAL LAW — PLEA OF ONCE IN JEOPARDY — NEW TRIAL AFTER REVERSAL ON APPEAL. — When the defendant procures a reversal of a former judgment of conviction upon appeal, though asking for a discharge for insufficiency of the verdict, and not for a new trial, if the prayer for a discharge be denied, and a new trial ordered, the defendant will be regarded as impliedly assenting to all the consequences legitimately following such reversal, and a plea of once in jeopardy by reason of the former trial cannot be sustained upon the new trial.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

*Garret W. McEnerney,* for Appellant.

*Attorney-General Johnson,* for Respondent.

· SEARLS, C. J.—The defendant was informed against
for an attempt to commit burglary, and was convicted.
The appeal is taken from the judgment, and from an
order denying a new trial.

The only error relied upon is based upon the instruc-
tion of the court below, directing the jury to find for the
state, upon the defendant's plea of once in jeopardy, and
its refusal to instruct the jury to find for the defendant
upon that plea.

The facts upon which the plea of once in jeopardy is
based are as follows:—

Defendant had been previously tried upon the same in-
formation, whereupon a verdict was rendered of "guilty
as charged," but without specifying whether the attempt
to commit burglary was of the first degree (committed in
the night-time), or of the second degree (in the day-
time).

Upon this verdict, so rendered, judgment was entered
punishing defendant for a term of two years in the state
prison.

An appeal was taken from the judgment, and a re-
versal had, and new trial ordered by this court.

On the going down of the *remittitur*, the defendant
filed a supplementary plea of once in jeopardy.

The second trial resulted in a verdict finding the
defendant guilty of an attempt to commit burglary of
the second degree.

The question is, Was the defendant, upon these facts,
entitled to a verdict in his favor upon his plea of once in
jeopardy?

"No person shall be twice put in jeopardy for the
same offense." (Cal. Const., art. 1, sec. 13.)

A person is in legal jeopardy when he is put upon trial
before a court of competent jurisdiction, upon informa-
tion or indictment sufficient in form and substance to
sustain a conviction, and a competent jury has been

regularly charged with his deliverance. (Cooley's Constitutional Limitations, 404.)

If, however, the court had no jurisdiction of the cause, or if the indictment or information was so defective that no valid judgment could be rendered upon it; or if, by any overruling necessity, the jury are discharged without a verdict, or the jury are discharged with the consent of the defendant, either express or implied; or if, after verdict against the accused, it has been set aside on his motion for a new trial, or on writ of error, or in arrest of judgment;—in all these and a few other cases which might be enumerated, the accused may again be put upon trial, and the proceedings had will constitute no protection. (Cooley's Constitutional Limitations, 405.)

It is true that in his former appeal from the judgment the defendant did not ask for a new trial, but demanded a reversal of the judgment, and that he be discharged. This last prayer was denied by the court, and a new trial ordered in accordance with section 1260 of the Penal Code.

In *People* v. *Olwell*, 28 Cal. 456, it was held that, if the defendant in a criminal case is convicted and appeals, and the judgment is reversed, the appellate court may order a new trial, even though the defendant does not move for such new trial, and denies the power of the court to grant it; and that where the judgment in such a case is reversed and a new trial ordered, he cannot successfully set up the former trial in bar of another trial and conviction. *People* v. *Barric*, 49 Cal. 342, is to the same effect.

When the defendant appealed from the judgment and procured a reversal, one of the effects of which was the ordering of a new trial, the judgment and verdict in such a case must be assumed to be set aside at the instance of the defendant, upon the theory that he who procures the reversal or affirmance of a judgment impliedly assents to all the consequences legitimately fol-

lowing such reversal or affirmance.  (1 Bishop's Criminal Law, secs. 1004, 1016.)

The judgment and order appealed from are affirmed.

THORNTON, J., PATERSON, J., and SHARPSTEIN, J., concurred.

McFARLAND, J., dissented.