[No. 536.   Decided August 12, 1892.]

DAVID SHELTON, THOMAS READ, WILLIAM SHORTER AND SARAH SHORTER, *Respondents*, v. ELLA A. JONES AND AMASA JONES, *Appellants*.

REAL ESTATE—CONTRACT LIEN—ACTION TO FORECLOSE—RIGHT OF AS-
SIGNEE TO MAINTAIN—JUDGMENT AGAINST ASSIGNOR—LIEN ON HOTEL
FURNITURE—WHEN CREATED.

Where the owner of real estate has made a contract for the sale thereof, retaining the legal title in himself until the payment of certain notes that have been given in exchange for the contract of sale, and thereafter mortgages said land to secure an indebtedness to a third party, to whom he also assigns the purchase money notes, the assignee of such notes has the right to foreclose the contract lien for the purchase money.

In such case the vendor, though not a necessary, is a proper party, because of his interest in the surplus after the payment of his debt to the assignee; and while the assignee is entitled to a decree for the full amount due under the contract between the vendor and vendee, it is error to render a decree in his favor against the vendor.

Under a contract for the sale of a certain lot "known as the Central hotel property, with the furniture and upholstery and appur-

tenances thereunto belonging," for a gross sum, the contract providing for the execution of a conveyance when certain notes given for part of the purchase price should be paid, the vendor is entitled to a purchase money lien upon the personalty as well as the realty, though possession of both had been parted with upon delivery of the notes.

In decreeing a foreclosure of the lien in such case it is error to order that the furniture be sold in accordance with the law governing the sale of real property on execution.

*Appeal from Superior Court, Mason County.*

Action by David Shelton, William Shorter and wife, and Thomas Read against Ella A. Jones and husband to have certain sums adjudged a lien upon certain real and personal property. Defendants demurred to the complaint, which was overruled, and, upon their refusal to plead further, the court made the following findings of fact:

1. That at all times in said complaint stated and now the plaintiffs William Shorter and Sarah Shorter were and they are husband and wife.

2. That on the 1st day of May, 1890, the plaintiffs William Shorter and his wife Sarah were seized in fee as owners and in possession as tenants in common of the certain lands and property situated in Mason county, State of Washington, known as the Central hotel property, Shelton, on lot six (6) of block ten (10) of Francis Shelton's addition to the town of Shelton, with the furniture and upholstery and appurtenances thereto belonging; that plaintiff Thomas Read was the owner of an undivided half of said property, and plaintiffs William Shorter and his wife Sarah were the owners of the other undivided half thereof.

3. That on said day the plaintiffs William Shorter and his wife Sarah and Thomas Read bargained and sold said property to defendants Ella A. Jones, wife of defendant Amasa Jones, for the consideration of seven thousand dollars, payable as follows, to wit: Three thousand dollars cash upon such sale, and four thousand dollars as follows, to wit: Two thousand dollars on or before the 6th day of May, 1891, and two thousand dollars on or before the 6th

day of May, 1892, said sums to bear interest at the rate of four per cent. per annum from date until paid.

4. That thereupon the said plaintiffs Thomas Read, William Shorter and wife Sarah made, executed and delivered unto said defendant Ella A. Jones their certain bond and writing obligatory in which they duly covenanted to make a good and sufficient deed of said property to said Ella A. Jones upon the payment of said sums and upon the keeping of said property insured for the benefit of said vendors in the sum of said four thousand dollars.

5. And thereupon, in due pursuance of said contract of sale, the said defendants Ella A. Jones and her said husband made, executed and delivered to Thomas Read their two certain promissory notes bearing date May 5, 1890, as follows: One for the sum of one thousand dollars, with interest at the rate of four per cent. per annum from the date thereof until paid, payable on or before May 6, 1891; and one for one thousand dollars, with interest at the rate of four per cent. per annum from date until paid, payable on or before the 6th day of May, 1892.

6. And in due pursuance of said contract of sale the said Ella A. Jones, her husband Amasa Jones joining her, on said 5th day of May, 1892, made, executed and delivered to plaintiff William Shorter their two certain promissory notes, as follows: One for thousand dollars, with interest at the rate of four per cent. per annum from date until paid, payable on or before May 6, 1891; and one for one thousand dollars, with interest at the rate of four per cent. per annum from date until paid, payable on or before the 6th day of May, 1892; and also paid to plaintiffs Read and Shorter on said contract of sale the said sum of three thousand dollars cash, and then and there entered into possession of said property, and have since remained and are now in such possession under said contract of sale.

8. That thereafter, to wit, on the 5th day of May, 1890, the said William Shorter borrowed of plaintiff David Shelton the sum of twelve hundred dollars ($1,200), and agreed to pay the same on or before the 5th day of May, 1891, with interest thereon at the rate of one per cent. per month; and to secure the payment of said sum the said William Shorter, his wife Sarah joining him therein,

made, executed and delivered to David Shelton a mortgage of all his interest in said Central hotel property, subject to said contract with said Ella A. Jones, and also assigned said two notes to said David Shelton as further security for the payment of said sum, and provided by said mortgage that in case said sum, with interest, should not be paid, then said David Shelton might proceed to foreclose said mortgage and assignment in the manner provided by law, sell said property and pay all costs and said debt, and attorney fee of one hundred dollars; which said mortgage and assignment were duly signed, sealed, witnessed and acknowledged by the makers thereof, and delivered to said mortgagee, and were duly filed and recorded in the office of the county auditor of Mason county, on the 5th day of May, 1890, in book O, at page 515, Mason county records of deeds.

9.   The said defendants have paid to Thomas Read, on June 1, 1891, the sum of three hundred dollars, part payment of principal and interest on the note falling due on May 6, 1891, and though often requested so to do, have made no other payment of either principal or interest on either of said notes.   That there is due to William Shorter on the note falling due May 6, 1891, the sum of one thousand and sixty dollars and forty-five cents; and to Thomas Read on note falling due May 6, 1891, seven hundred and fifty-five dollars and ninety-four cents; that there is due David Shelton from William Shorter and wife, on their note falling due May 5, 1891, $

*Joseph A. McDonald* and *Eddy & Gordon*, for appellants.

*C. W. Hartman*, for respondents.

The opinion of the court was delivered by

STILES, J.—This case does not present the question of the existence of a vendor's lien in behalf of the vendor of real estate in the state of Washington.   The equitable lien of a vendor is often confused with the security which the vendor preserves to himself by retaining in himself the legal

title until the payment of the purchase money. This has been done in this case. The legal title to the property never passed, the instrument which created the relations which existed between the parties being only a bond or agreement for the sale of the property at a future day on payment of the notes given for the purchase price. A vendor's lien is one which is created by operation of law as an equitable security to the seller of land. The lien which exists in this case, if any, is only one of contract and the vendor retaining the legal estate has a right to and in the land under which he might have maintained ejectment for the recovery of possession. He might have sued at law on the notes given for the purchase money, or he might seek to foreclose it in equity as he has done, or might even pursue these remedies concurrently. *Bankhead v. Owen,* 60 Ala. 457. The complaint shows that Shorter, to secure a claim of twelve hundred dollars and interest due Shelton, executed a mortgage to him of the Central hotel property, subject to a contract of Shorter and Read with Jones; and it also alleges that he assigned his two notes to Shelton as further security. We think this fully authorized Shelton to maintain this action. From the allegations of the complaint we gather that Shelton had actually become the owner of the notes. The notes taken in such a case carry to the assignee of them the right to maintain a contract lien for the purchase money. *Burkhart v. Howard,* 14 Or. 39. Code Proc. § 149, provides for just such cases.

The only error we find in the case so far as Shelton and Shorter are concerned is, that Shelton is given a judgment against Shorter. The suit was to foreclose a lien, and if Shelton was the owner of the notes, he was a proper party to prosecute the foreclosure, whether his debt from Shorter was due or not. Shorter was also a proper party, though perhaps not a necessary one, because he had an interest

in the surplus after the payment of Shelton's debt. We think that the decree should have been that David Shelton should recover the full amount under the contract to Shorter, and that Shelton and Shorter should be left to arrange their affairs between themselves. Jones, certainly, had no interest in their contracts.

The only remaining matter to be disposed of is that concerning the sale of the property ordered in the decree. The court ordered that the real estate and personal property be sold in accordance with the law governing the sale of real property on execution. The contract was for the sale of lot six, block ten, of Frances Shelton's addition to the town· of Shelton, known as the Central hotel property, with the furniture and upholstery and appurtenances thereunto belonging. The contract of sale was for the gross sum of seven thousand dollars, three thousand dollars cash and four thousand dollars upon deferred payments evidenced by notes. Immediately upon the execution of the contract, and the payment of the cash, the purchaser went into possession. Now the rule of law is, that the vendor of personal property in parting with the possession, and especially upon taking notes for the purchase price, waives his right to a lien, and so in this case, had there been nothing between the parties but the contract for the sale of the furniture and upholstery of the hotel we think the delivery and taking of the notes would have extinguished the right to lien. But the courts have recognized that the intention of parties should have some weight in the settlement of such matters, and wherever they find that the parties have contracted for a lien, or substantially a chattel mortgage, or that the title shall not pass until payment is made, they uphold the lien. *Gregory v. Morris,* 96 U. S. 619. So in this case the contract provided for the execution of a conveyance or transfer when the notes should be paid. The property was of such a character that it would not be likely

that the personal property would be separated from the real. Moreover, the contract being for a gross sum, if this were a case of an ordinary vendor's lien the failure of lien upon the personal property would destroy that upon the realty. *Stringfellow v. Ivie*, 73 Ala. 209. We therefore hold that in this case the lien continued upon the personalty as well as the real estate, but we cannot agree that property of this kind is like a steamboat, which is ordinarily sold with all the apparel, furniture, tackle, etc. There is no greater reason why the furniture of a hotel should not be sold as personal property than there would be for applying the same rule to a dwelling house.

There was no error in rendering judgment upon the notes which were due, and suspending judgment on the remaining notes until their maturity.

The decree should be in favor of Shelton as legal owner of two notes, leaving him and Shorter to their own adjustment; and the personalty should be sold first, as personal property is required to be sold upon execution. Let a new decree be entered in the superior court accordingly. Costs to the appellants.

ANDERS, C. J., and HOYT, DUNBAR and SCOTT, JJ. concur.