## STATE *v.* DANIEL KESSLER.

HOMICIDE—FORMER JEOPARDY—CHALLENGE OF JUROR—EVIDENCE —IDENTIFICATION BY DECEASED—INSTRUCTIONS—PRESUMPTIONS.

1. Defendant was tried on an indictment upon which he might have been convicted of murder in the first or second degree, or of voluntary or involuntary manslaughter, and found guilty of murder in the second degree. Upon appeal a new trial was granted. *Held*, that defendant could be tried again for murder in the first degree after the verdict of guilty of murder in the second degree has been set aside on his motion.

2. A challenge may be properly sustained when a juror entertains conscientious scruples against the death penalty.

3. The identification of defendant by deceased may be admitted in evidence when made by deceased under a belief of impending death, although in making it he refers to a former identification,—a part of a statement made by him, and excluded, because defendant was told to keep still when he undertook to deny an accusation made by the deceased.

4. After retiring, the jury may return, and ask to be instructed as to the punishment for voluntary and involuntary manslaughter, and it is not error in the court to read them the law on the subject.

5. When an oral charge has been given, the presumption is, in the absence of any statement in the record to the contrary, that the reporter took it down as required by statute.

Miner, J., dissenting.

(No. 795. Decided June 18, 1897.)

Appeal from the Third district court, Salt Lake county. Hon. Ogden Hiles, *Judge.*

Daniel Kessler was convicted of voluntary manslaughter, and appeals. *Affirmed.*

*Taylor & Root* and *Goodwin & Van Pelt,* for appellant.

*A. C. Bishop, Atty.. Gen.,* and *Benner X. Smith,* for the State.

ZANE, C. J.:

The defendant was tried on an indictment upon which he might have been convicted of murder in the first or second degree, or voluntary or involuntary manslaughter, and the jury found him guilty of murder in the second degree. He entered a motion for a new trial, which the trial court overruled, entered judgment on the verdict, and then sentenced him to imprisonment in the penitentiary for the term of 14 years. From this judgment the defendant appealed, and this court reversed the judgment (13 Utah 69), and ordered the verdict set aside,

which was done. The defendant was then tried a second time on the same indictment and plea of not guilty, and on the further plea of former jeopardy of murder in the first degree, and former acquittal of that offense, and the jury found him guilty of voluntary manslaughter. The court overruled his motion for a new trial, and sentenced him to confinement in the state prison for the term of six years. From this judgment he has appealed.

On the trial of persons charged with capital crime, the law permits 15 peremptory challenges to each, and 3 to each in prosecutions for offenses of a lower grade. The court permitted the prosecution on the trial, over the objection of the defendant, to make more than three, and the defendant excepted. The court also sustained plaintiff's challenge to one juror, against the objection of the defendant, because he entertained conscientious scruples against the death penalty. To this ruling the defendant also excepted. The defendant offered in evidence the verdict returned on the first trial, and set aside by the court on plaintiff's motion. The court sustained the objection of the prosecution to its admission, and the defendant excepted. These rulings the defendant assigns as error. These errors raise the question, could the defendant be tried again for murder in the first degree, after the verdict of guilty of murder in the second degree had been set aside on his motion? A description of murder in the first degree in the indictment upon which the defendant was tried included a description of murder in the second degree and the crime of manslaughter; and his plea of not guilty made an issue on all those charges. Upon his trial he was in jeopardy as to each offense. And the verdict of guilty of murder in the second degree, while allowed to stand, was

a bar to another prosecution on either charge, for the constitution of this state declares that "no person shall be twice put in jeopardy for the same offense." But the further question is, did he, by obtaining a new trial on his own motion, waive his right to rely upon his jeopardy on the former trial or on the verdict of murder in the second degree, as a bar to a conviction of murder in the first degree upon his new or second trial? The statute declares that: "The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict cannot be used or referred to either in evidence or in argument, or be pleaded on the bar of any conviction which might have been had under the indictment." 2 Comp. Laws, Utah, 1888, § 5093. This section declares: (1) That the granting of a new trial places the parties in the same position as if no trial had been had; (2) that all the testimony must be produced anew on the new trial; (3) that the former verdict cannot be used or referred to either in evidence or in argument, or be pleaded in bar of any conviction which might have been had under the indictment. Unless this section is repugnant to the state constitution adopted after its enactment, the defendant was rightly put upon his trial for all the offenses charged in the indictment, and the jury had the right to convict of either offense, as the evidence might warrant. And as the constitution does not, in express terms or by reasonable implication, determine what the effect of a new trial on the defendant's motion shall be when the conviction was for an offense lower than the highest charged, we must hold that the statute is not repugnant to that instrument, and that it is therefore valid. But upon the general proposition, without taking into consideration the stat-

15 UTAH—10

ute, it appears more reasonable to hold, when a defendant is found guilty of a lower grade of crime than the highest charged in the indictment, and a new trial granted on his motion, that its effect is to set aside the whole verdict, and leave the case for trial upon the same issues as upon the first trial. On the first trial of this defendant the jury found that he shot Niebergall as charged, and thereby inflicted upon him a wound from which he died; that the shooting was unlawful, and with an intent to kill him, and that it was done with malice aforethought; but did not find the further fact that it was done with such deliberation as made it murder in the first degree. The jury did not actually find a want of deliberation. From the facts found by the jury a want of deliberation was inferred.

In legal effect, the verdict consisted of two parts: First, an actual finding of murder in the second degree; and, second, by construction and inference, not guilty of murder in the first degree. But the defendant claimed that the finding of the jury was erroneous and illegal, and the court agreed with him, and set the verdict aside, and held that it should not be considered as a finding of the facts essential to guilt. That being so, how could the inferential finding of not guilty of murder in the first degree stand, after the finding of facts from which it was inferred, and upon which it depended, was set aside and vacated? To hold that a verdict of not guilty of murder in the first degree may be inferred from a verdict of guilty of murder in the second degree that has been set aside and remains to be found or not found on a new trial, is to declare that such inferences may be drawn from an unknown finding—from unknown facts. We are aware there is a great conflict in the authorities on this propo-

sition of law, and that the greater number of the authorities support the proposition that when a defendant has been found guilty of an offense of a lower grade than the highest charged in the indictment, and a new. trial is granted on his motion, the verdict operates as an acquittal of the higher offense, and stands as such, notwithstanding the new trial. The weight of authority in support of or against a legal proposition does not always depend upon their number alone, but upon the reasoning by which their conclusions are reached as well. There are a large number of well-considered cases holding, if a verdict of guilty of a lower offense included in a higher described in the indictment is set aside on defendant's motion he may be retried for both offenses. *Bohanan* v. *State,* 18 Neb. 57; *State* v. *Behimer,* 20 Ohio St. 572; *State* v. *Bradley,* 67 Vt. 465 ; *Com.* v. *Arnold,* 83 Ky. 1; *Veatch* v. *State,* 60 Ind. 291; *People* v. *Keefer,* 65 Cal. 232; *People* v. *Palmer,* 109 N. Y. 413; *U. S.* v. *Harding,* 26 Fed. Cas. 139.

On the trial of this case the dying declaration of the deceased, Niebergall, was admitted in evidence, and the defendant moved the court to strike out the following language: "I met a gray-bearded man,—the man I. identified the other night, being with Chief Pratt, known as Dr. Kessler." At the time referred to, Pratt had asked Niebergall this question: "Did you ever see this man before?" (pointing to the defendant), and the deceased said "Yes, sir; and he shot me down like a rabbit." Pratt, having the defendant in custody, had immediately before this told him to keep still when he shook his head. For that reason, under the attending circumstances, this court held on the former appeal that the defendant's silence when charged with shooting Niebergall down like a rabbit could not be used as

acquiescing in the truth of the statement, and as an admission by him that the statement was true. But the identification the defendant asks may be stricken out of the dying declaration was admitted because it was made by the deceased under a belief of impending death, after the deceased had lost all hope of life. The identification of the man who had inflicted the mortal wound upon him certainly related to the circumstances attending the fatal injury.

After the jury had retired to consider their verdict, they requested the court to inform them as to the punishment prescribed for voluntary and involuntary manslaughter, and they returned into court. The defendant and his counsel being present, the court read to them the statute fixing the punishment for those offenses. To this action of the court the defendant excepted. In this we find no error.

Finally, the defendant insists that his motion for a new trial should have been granted because the court gave an oral charge to the jury. When this case was tried, the statute authorized such a charge, but required the reporter to take it down. We must presume that was done, in the absence of any statement in the record to the contrary. We find no error in this record. The judgment of the court below is affirmed.

HART, District Judge, concurs. MINER, J., dissents.