No. 22,527.

THE STATE OF KANSAS, *Appellee,* v. LEW PHILLIPS, *Appellant.*

SYLLABUS BY THE COURT.

1. LARCENY — *Names of Witnesses Indorsed on Information During Trial.* After the state had rested and the defense had moved for a discharge, the county attorney asked permission to indorse on the information the name of a witness and put him on the stand, stating that he had no knowledge of his name until after the jury had been brought into the box; that he was informed of the materiality of his testimony, but was unable to get his name, and did not learn it until the permission was asked. The trial court granted the request, which was before the defense had introduced any testimony, counsel making no request for time or claim of surprise. · *Held,* not error.

2. SAME—*Value of Stolen Property—Judicial Notice.* This court will not assume to be more ignorant than everybody else, but will take judicial notice of the fact, which everybody else knows, that a five-passenger Ford touring car, 1918 model, used six weeks, and sold, by the parties who stole it, for $200, was worth more than $20.

3. SAME — *Evidence — Nonconsent.* The testimony sufficiently showed nonconsent of the owner and the guilt of the defendant.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed January 10, 1920. Affirmed.

*John T. Little,* and *C. B. Little,* both of Olathe, for the appellant.

*Richard J. Hopkins,* attorney-general, *C. W. Gorsuch,* county attorney, and *J. D. Johnston,* of Olathe, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant, convicted of having stolen a Ford touring car, appeals and assigns as error the ruling of the trial court in permitting the name of a witness to be indorsed on the information after the state had rested; in failing to direct a verdict for the defendant; and in denying a motion for a new trial.

After the state had rested and the defense had moved for a discharge, the county attorney asked leave to indorse on the information the name of a witness and to put him on the stand, stating that he had no knowledge of his name until

The State v. Phillips.

after the jury had been brought into the box; that he was informed of the materiality of his evidence, but not of his name until request was made, which was before the defense had introduced any evidence. The record does not indicate that the defendant was prejudiced by the mere time when the name was indorsed, or that any request was made for delay on account thereof, and we see no abuse of discretion in the permission granted. (See *The State v. Pack,* ante, p. 188.).

The other complaints are based on a claim of insufficient evidence of value, and on failure to show nonconsent of the owner to the taking of his car. It is difficult to keep a straight face while disposing of these contentions. The property was described in the information as a Ford touring car, model 1918, and the owner testified, without dispute, that it was a five-passenger Ford touring car run only six weeks. We must not assume to be more ignorant than everybody else, and everybody else knows that such a car is worth more than $20. The defendant himself testified, without objection or dispute, that it was sold for $200, which is ten times the value necessary to constitute grand larceny.

It is true that the owner did not testify that he had not given his consent for his car to be stolen or taken, but he seems to have been the prosecuting witness, and to have verified the information charging the defendant with having feloniously taken his car. He testified that—

"It was run into the garage and the door fastened on the inside with a lock, and there was a patent lock on the car. I had the key in my pocket. It was locked in the inside, and locked with the chain on the side."

He confronted the defendant who—

"Asked me if there was not some way that he could square that up with me. . . . Then he turned around and told me he did not steal the car; that the other fellow stole the car."

It would be a queer mind, indeed, that could harbor any doubt that the car was taken without the consent of the owner. The sheriff testified that he asked the defendant how it occurred, and he said he did not steal the car.

"A. I said, 'Lew you know about it. You had a part in it.' 'Well, yes' he said, 'I did.' He said, 'I did not run it out of the garage.' He said, 'Hurd did that

13—106 Kan.

"Q. Did he say that he was there at the garage when Hurd ran it out? A. Yes, he said he was there at the garage when Hurd ran it out. He said Hurd ran it out, and then his car was waiting some little distance from there; that Hurd took the Doctor Clutch car and he took his car and they drove to Kansas City and sold it.

"Q. Now what if anything did he say about having participated in the proceeds of the sale? A. He said he got $100 of it, and that Hurd got the other $100. Sold it for $200."

There is no doubt of the defendant's guilt, and there was no material error in the trial.

The judgment is affirmed.