## STATE v. ANGLE et al.

No. 3851. Decided March 26, 1923. Rehearing denied June 13, 1923. (215 Pac. 531.)

1. LARCENY—IN ABSENCE OF EVIDENCE, INSTRUCTIONS AS TO LOWER GRADES OF OFFENSE CHARGED UNNECESSARY. Instructions need not be given as to lower grades of the offense charged, where there is no evidence to reduce the offense thereto; so, the evidence warranting it, it is not error to charge that the verdict must be either of grand larceny, as charged, or not guilty.

2. CRIMINAL LAW—IN ABSENCE OF EVIDENCE, INSTRUCTIONS CONCLU- SIVELY PRESUMED BASED THEREON. The bills of exceptions hav- ing been stricken, so that the evidence is not, in the record, the instructions will be conclusively presumed to have been based on the evidence.[1]

Appeal from District Court, First District, Box Elder County; *A. A. Law*, Judge.

Frank Angle and another were convicted of grand larceny, and appeal.

AFFIRMED.

*D. B. Hempstead*, of Salt Lake City, for appellants.

*Harvey H. Cluff*, Atty. Gen., and *W. Hal. Farr*, Asst. Atty. Gen., for the State.

WEBER, C. J.

From the judgment of conviction upon a charge of grand larceny defendants appeal.

On motion of the Attorney General the bill of exceptions was stricken from the record on the ground that the same was not settled by the trial judge within the time limited by

---

[1] *State* v. *Oblizalo*, 60 Utah, 47, 205 Pac. 739; *State* v. *Thorne*, 41 Utah, 414, 126 Pac. 286, Ann. Cas. 1915D, 90; *State* v. *Mewhinney*, 43 Utah, 135, 134 Pac. 632, L. R. A. 1916D, 590, Ann. Cas. 1916C, 537.

Comp. Laws Utah 1917, § 6969.

The question to be determined is raised by appellants' assignment that the court erred in instructing the jury that the verdict must be either that the defendants are guilty of grand larceny, as charged in the information, or not guilty. It is argued that because larceny is divided into two degrees, grand larceny, a felony, and petit larceny, a misdemeanor, the court in its charge should have covered the offenses included in the information.

It is a well-settled rule that instructions as to lower grades of the offense charged should be given when warranted by the evidence. It is equally well settled that in a criminal prosecution error cannot be predicated on the omission of the trial court to instruct as to lesser grades of the offense charged where there is no evidence to reduce the offense to a lesser grade. 1 Blashfield, Instructions to Juries (2d Ed.) § 408.

Under the subject of "Larceny," 25 Cyc. p. 154, the author says:

"There is no need of an instruction as to the grade of the offense when there is no evidence that such a degree has been committed."

In 14 R. C. L. p. 792, § 53, the test is:

"Where, under the evidence given, the defendant in a criminal case must either be guilty of a certain offense or entitled to an acquittal, the jury need not be instructed as to other offenses to which the evidence in the case has no relation, and where, if the facts are as claimed by the state, a crime could not under any circumstances be of a lower grade than that charged, it is not necessary to instruct on the lower grades."

The bill of exceptions having been stricken, the evidence is not here for review. In this connection it is only fair to present counsel for appellants to state that he is in no way responsible for the neglect that resulted in the elimination of the bill of exceptions.

In this condition of the record it must be conclusively presumed that the instructions were based upon the evidence. *State* v. *Oblizalo,* 60 Utah, 47, 205 Pac. 739; *State* v. *Thorne,* 41 Utah, 414, 126 Pac. 286, Ann. Cas. 1915D, 90; *State* v. *Mewhinney,* 43 Utah, 135, 134 Pac. 632,

L. R. A. 1916D, 590, Ann. Cas. 1916C, 537. It follows that the instruction complained of was proper.

Judgment affirmed.

GIDEON, FRICK, THURMAN, and CHERRY, JJ., concur.