THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANASTACIO ANDINO, Defendant and Appellant.

No. 7562. Argued April 25, 1939.—Decided June 9, 1939.

*Rogelio Fernández Garzot* and *Faustino R. Aponte,* for Appellant; *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for The People, Appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The appellant was accused of the crime of Assault with Intent to Commit Rape. The accusation in its relevant part states as follows:

"The said Anastacio Andino, on one of the days in the month of December 1936, in the municipality of Humacao, within the judicial district of Humacao, Puerto Rico, illegally, voluntarily and .

criminally attacked the female minor of less than fourteen years of age, Fermina Castro, also known as Ana Castro Stella who was not the wife of the accused, attempting to have sexual intercourse with her, against her wishes and without her consent, using force and violence in an attempt to overcome the resistence which said female Fermina Castro also known as Ana Castro Stella opposed to the carrying out of said act.''

The jury brought a verdict declaring him guilty of an assault to commit rape. He requested a new trial which was denied. He appealed from the order denying a new trial and from the sentence condemning him to two years in prison at hard labor. The appeal is based on two errors, which he alleges were committed by the lower court, to wit:

1. In refusing to give the instruction of assault and battery with aggravating circumstances requested by the accused.

2. In sentencing the accused when the court had no jurisdiction over the case since the place in which the supposed crime occurred was not proved.

■ Whether the instructions as to assault and battery with aggravating circumstances should have been given depends exclusively upon the evidence which the jury had before it, since the fact that a minor crime may be included in a major crime alleged in an accusation does not justify a judge in giving instructions in regard to the minor crime unless there is some evidence which may serve as basis in a verdict finding the accused guilty of said minor crime. .In this case the accused did not present any evidence in his favor. The only evidence before the jury was that presented by the District Attorney. From said evidence it appears that the alleged victim had not reached the age of 14 years on the date in which the supposed crime occurred. That on said date she was alone in her house and that while she attempted to close a window the accused entered through the kitchen and grabbing her forcefully threw her on the floor. He tore her pants off and his penis being in state

of erection he fought with the girl to have sexual intercourse with her. He put his knees on her thighs and placed his hand over her mouth so that her shouts for help would not be heard, and when he was laying on top of her, she tired of fighting, a brother of the girl arrived and when he armed himself with a *machete* to defend her, the accused fled. The mother of the girl who arrived some hours later examined her and found that her genital organs were inflamed and that she had scratches and black and blue marks on her thighs.

There was no evidence whatsoever to show that the accused attacked the girl with any other intent but that of committing rape. Under these circumstances if the jury believed the uncontroverted evidence of the district attorney the only verdict consistent with said evidence was the verdict brought, and therefore, the lower court would have committed error if it had given instructions which were not justified by the evidence. 14 R.C.L. 792; *State* v. *Angle,* 215 Pac. 531; *Tipton* v. *State,* 31 A.L.R. 1074; *People* v. *Mediavilla,* 54 P.R.R. 538, and *Sparf and Hansen* v. *U. S.,* 156 U. S. 51, 57.

Considering now the second error we must accept that from the evidence it does not appear that the witnesses at any time stated that the Ward Pasto Viejo was within the Municipality of Humacao. This is a place so well known in Humacao and generally, that it appears that attorneys, witnesses and jurymen were all under the impression that reference was being made to the Ward Pasto Viejo which all of them knew due to its proximity to the city of Humacao, and because a large sugar central called Central Pasto Viejo exists in said locality. All the circumstances leave no doubt whatsoever that the jury as well as all those taking part in the trial had in their minds the Ward Pasto Viejo of the Municipality of Humacao and not any other. From the accusation itself which must have been read in open

court in the presence of the jury, when said jury took its oath, it appears that the supposed crime occurred in the Municipality of Humacao. In his instructions to the jury the judge began by reading the accusation, which as we have seen indicates the Municipality of Humacao as the place where the supposed crime occurred, and further on in his instructions the judge again said to the jury: "In this case the theory of the people is as follows: that on the day that the fact occurred . . . . this girl lived in a locality here in Humacao known as Pasto Viejo . . . .; that being alone . . . . . this accused entered her home and grabbed forcefully . . . ."

The defense did not protest nor take any exception to the instructions of the court that the supposed crime had occurred in the Municipality of Humacao. But furthermore in the testimony of the supposed victim we found the following:

"Q.—In what other place have you seen him (referring to the accused), that is, if you have seen him in any other place?

"A.—When we used the Pasto Viejo road.

"Q.—Where were you coming from?

"A.—From the square to this place.

"Q.—Where were you going?

"A.—To testify.

(Transcript of the Evidence, p. 6).

What we have transcribed shows that the city of Humacao is connected by a road with the Ward Pasto Viejo from which the witness was coming to the district court.

The attorney for the defense himself in cross-examining the witness Juana Castro Stella, the mother of the girl, asked her: "At about what time did you come to the city that day?" Undoubtedly the city to which the defense referred was that in which the attorney found himself at the moment of making the question, that is, Humacao, since if this were not so he would not have said "come to the city," but "go to the city."

It is a well established rule that the place where a crime occurs may be established by circumstantial evidence. Abbott's Criminal Trial Brief, third edition, page 1020, and cases cited.

This question is not new in this jurisdiction. In the case of *People* v. *Llabrés,* 29 P.R.R. 697 in which the evidence only showed that the crime had been committed in the American Colonial Bank without it being stated where said bank had its establishment, this court upheld the jurisdiction of the district court of San Juan. From the *syllabus* we take the following:

"The venue need not be proved by direct and positive evidence. It is sufficient if it may be reasonly inferred from the facts and circumstances which are proved and are involved in the criminal transaction, or if it may be inferred from the circumstances that the crime was committed in the place alleged."

See also Underhill on Criminal Evidence, fourth edition, Section 96, page 116, cited with approval in the case of *People* v. *Llabrés, supra.*

In our opinion neither of the two errors alleged by the accused have been committed. Therefore, the appeal should be dismissed and the judgment appealed from affirmed.