## STATE v. ESTRADA.

No. 7521.   Decided February 5, 1951.   (227 P. 2d 247.)

See 23 C. J. S. Criminal Law, sec. 1166. Competency of witness to testify as to his own age, see note 39 A. L. R. 376. See also, 20 Am. Jur. 414.

*McCullough, Boyce & McCullough,* Salt Lake City, for appellant.

*Clinton D. Vernon,* Atty. Gen., *G. Hal Taylor,* Asst. Atty. Gen., for respondent.

## PER CURIAM.

Defendant was convicted of the crime of carnal knowledge, and from that verdict and judgment appeals. The basis of the appeal is that he contends the court committed prejudicial error in giving the following instruction:

"In order to find the defendant guilty as charged in the information, you must believe from all the evidence, beyond a reasonable doubt.

\*     \*     \*     \*     \*

"2. That the said \* \* \* had not reached her 18th birthday. In this case the uncontradicted evidence is that \* \* \* 18th birthday will be May 21, 1950."

It is contended that this constituted commenting on the evidence, and in effect took from the jury the determination of the vital fact as to the girl's age. The charge arose out of an alleged act of sexual intercourse between defendant and the prosecutrix who, it is claimed by the prosecution, was under the age of 18 years at the time the act occurred on August 14, 1949.

The state sought to establish the girl's age as 17. The only competent proof concerning her age was the testimony of herself and her mother. A certificate from the State Department of Health was received in evidence.

This certificate did not certify to a record of birth as filed in that office, but instead certified that records in the office revealed that she was born on May 21, 1932. Technically, this was not admissible as proof and there was timely and proper objection to it.

The defendant sought to cross-examine about the girl's age, but was curtailed in so doing, although this seemed to be the only avenue of inquiry open to the defendant to fully explore the facts. Had he been permitted this cross-examination, he might have raised a reasonable doubt as to her being under 18.

The question presented by giving the instruction complained of has been passed upon by the court on several occasions. In *State* v. *Green,* 78 Utah 580, 6 P. 2d 177, 181, this court said:

"* * * It is the sole and exclusive province of the jury to determine the facts in all criminal cases, whether the evidence offered by the state is weak or strong, is in conflict or is not controverted. Evidence may be ever so convincing that an accused is guilty of the crime charged, yet it is for the jury and not for the trial judge to render the verdict. If the trial judge may not find a verdict of guilty, so, likewise he may not find any of the facts which are necessary elements of the crime for which the accused is being tried. * * * The provision of our State Constitution which grants accused persons the right to a trial by jury extends to each and all of the facts which must be found to be present to constitute the crime charged, and such right may not be invaded by the presiding judge indicating to the jury that any of such facts are established by the evidence. The constitutional provision may not be disregarded under the pretext that there is no conflict in the evidence or that the evidence will permit of but one finding. When an accused enters a plea of not guilty, he has a right to have his entire case submitted to the jury unless he waives such right by expressly admitting at the trial the existence of some fact or facts which is or are put in issue by the plea of not guilty. These principles of law are so fundamental in our system of criminal procedure that we deem it unnecessary to cite cases and authorities in support thereof."

It is apparent that the present appeal falls directly within the language quoted above.

*State v. Lanto,* 98 N. J. L. 401, 121 A. 139, is a case which is practically identical with the case at bar in which the

court directly holds that an instruction that "it is uncontradicted that" the victim was under age was prejudicial error.

By this opinion, it is not intended to hold that, if a material fact is both uncontradicted and free from doubt, it is prejudicial error per se for the court to recite it as a fact or to state that the evidence related to it is uncontradicted. It is not a good policy to so instruct, but under some circumstances it may not be prejudicial error so to do.

Under the facts disclosed by the evidence in this case, for the court to instruct the jury that "the uncontradicted evidence is that * * * birthday will be May 21, 1950" effectively withdrew from the jury consideration of one of the essential elements necessary to the proof and which it was their exclusive prerogative to consider.

The judgment is reversed and the cause remanded for a new trial.