## JOHNSON et al. v. FLOWERS et al.

No. 7355.   Decided March 5, 1951.   (228 P. 2d 408.)

See 65 C. J., Trover and Conversion, sec. 102. Possession in plaintiff as basis for trover action, see note, 150 A. L. R. 163. See also, 53 Am. Jur. 861.

*F. Henri Henriod,* Salt Lake City, for appellants.
*Gaylen S. Young,* Salt Lake City, for respondents.
McDONOUGH, Justice.

The question for decision is whether, under the circumstances revealed by the evidence, trover may be maintained for the alleged conversion of certain household furniture sold in conjunction with the sale of realty under a contract of sale.

Plaintiffs sued for conversion of the personal property and from an adverse judgment prosecute this appeal.

On October 16, 1947, appellants as sellers and respondents as buyers executed an "earnest money receipt" as a preliminary agreement for the sale of real estate together with certain items of personal property. Therein it is stipulated that "The following items are included in the purchase price and are to remain with the property: See list on reverse side of this agreement signed by the Seller." On the reverse side are various items of personalty including a refrigerator, range, carpets, drapes, kitchen utensils and certain furniture.

On October 20, 1947, the parties executed an instrument captioned "Uniform Real Estate Contract." Below the description of the real estate appears the following: "Together with all personal property belonging to Sellers as per inventory." No inventory is attached to the latter contract. However, the only inventory to which the parties could have referred is the one on the reverse side of the earnest money receipt. There is no express provision in the final contract of sale as to when title to the personal property should pass to the buyers. The contract provides that upon payment of the entire purchase price with interest the sellers shall execute and deliver a warranty deed "conveying the title to the above described premises free and clear of all encumbrances except as herein mentioned." The purchase price was $7,850, of which amount the buyers made a down payment of $2,000 or more than 25%. Payments of $58.50 per month are required to liquidate the unpaid balance of principal and accruing interest. There is

no apportionment of the purchase price between realty and personalty. It is undisputed that all of the payments required to be made to date of trial had been made to the sellers.

About eight months after execution of the final purchase contract, defendants sold and assigned their contract to one Mueller who is now in possession of the real estate. There is no provision in the contract proscribing assignment. Defendants left on the premises some of the personal property but not all of it. They removed some of the furniture and excepted the same from the sale and assignment to Mueller. Defendants sold the refrigerator and range but they have retained possession of the other articles reserved from their deal with Mueller. Plaintiffs testified that the items of personalty which were removed from the premises amount to about $500 in value.

Plaintiffs contend that title to the personalty as well as the realty is reserved to sellers as security for payment of the balance of the purchase price, asserting that the contract is not severable, and that the personalty must remain with the real estate and that defendants' recited disposition of some of it constitutes conversion for which they should respond in damages. In view of the fact that the judgment of the trial court must be affirmed on another ground, we need not pass on this contention.

As noted above, the action here was for damages for conversion of the personal property. Appellants contend that because of the vendees' action in dealing with the personal property in the manner recited, they are liable in tort and that plaintiffs may collect the value of the property from the vendees and nevertheless require payment of the total purchase price. Thus, we are asked to hold, in effect, that the vendees, who are not in default, must personally pay the value of personal property although the vendees who are not in default in pay-

ment are entitled to the use and the possession thereof, and notwithstanding the vendees must nevertheless subsequently pay therefor under the terms of the contract. The statement of such argument carries its own refutation.

But it may be suggested that by the sale of some of the personalty by the vendees and their retention of some portion of it, the vendors' security is thus impaired. Hence, the vendors should have its value in money which might subsequently be credited on the contract. The fallacy of this argument is well illustrated by the transaction here under consideration. Defendants sold and assigned their interest under the contract to a third party. There is nothing in the contract which forbids this; hence, if credit were to be given eventually on the purchase price, it would inure to the benefit of the third party assignee and not to the benefit of the defendants. Thus, the latter under such theory would be required to pay twice for the personal property.

The general rule is announced in 53 Am. Jur., *Trover and Conversion*, p. 863—4, § 68, as follows: 2, 3

"The general rule is that an action for conversion is not maintainable unless the plaintiff, at the time of the alleged conversion, is entitled to the immediate possession of the property. An interest in the property which does not carry with it a right to possession is not sufficient; the right to maintain the action may not be based upon a right to possession at a future time. It is by virtue of this rule that it is sometimes held that an action for conversion may not be brought by a bailor who has relinquished the bailed property for a definite term which is unexpired * * *."

The cases which have been called to our attention are all actions brought after default of the vendee. They are suits for relief founded on such default. *Soderstrom* v. *White*, 68 N. D. 293, 279 N. W. 306, 117 A. L. R. 391, (suit to cancel the contract); *Shelton* v. *Jones*, 4 Wash. 692, 30 P. 1061, (action to foreclose a vendor's lien); and *Clarke* v.

*Curtis,* 11 *Leigh,* Va. 559, 37 Am. Dec. 625, (suit for specific performance).

What the rights of plaintiffs might be, should the vendees and their assignee hereafter default, in the light of the disposition of the personal property, we are not called upon to decide. Nor, indeed, is the question as to whether an action other than in damages might presently be maintained before us for decision. What we do hold is that as to the vendees under the contract in question who are not in default, the present action may not be maintained. The lower court hence did not err in so deciding. The judgment is affirmed. Costs to respondents.

WOLFE, C. J., and WADE, LATIMER and CROCKETT, JJ., concur.