STATE v. LAWRENCE.

No. 7574.   Decided July 19, 1951.   (234 P. 2d 600.)

324

See 23 C. J. S., Criminal Law, sec. 1159; Proof of value in larceny cases, 34 Am. Jur., sec. 122.

*David H. Oliver,* Salt Lake City, for appellant.

*Clinton D. Vernon,* Atty. Gen., *Allen B. Sorensen,* Asst. Atty. Gen., for respondent.

CROCKETT, Justice.

This case comes to us on an appeal from a conviction of grand larceny, arising out of the theft of an automobile. Two questions are presented: First, where there is no evidence of value except a description of the property involved, is it prejudicial error for the court to instruct the jury that the value of the property is greater than $50 and that if defendant is guilty at all he is guilty of grand larceny. The necessity of answering the first question in the

affirmative gives rise to the second: Where such error has been committed, can the cause be remanded for retrial without violating the constitutional guarantee of the accused not to be placed twice in jeopardy for the same offense. After a consideration of the problems involved touching upon those questions we answer both in the affirmative.

At the conclusion of the evidence, the defendant's counsel moved the court for a directed verdict on the ground that there had been no evidence of value of the stolen car. The State's attorney might properly and with little difficulty have moved to re-open and supply the missing evidence. He did not do so but instead argued that judicial notice could be taken of the value of the car. The court denied defendant's motion and included in its instructions to the jury the following:

"Grand Larceny so far as it might be material in this case is committed when the property taken is of a value exceeding $50.00.

"In this case you will take the value of this property as being in excess of $50.00 and therefore the defendant, if he is guilty at all, is guilty of grand larceny."

It is conceded by the State that there was no direct evidence of value and that the only testimony in the record upon which a finding of value could be based was that of the owner of the automobile describing it saying it was in excellent condition.

This is not a case where the defendant either expressly or impliedly admitted the value, nor by conduct or statements of himself or counsel, allowed it to be assumed that the matter was not disputed. His plea of not guilty cast upon the State the burden of proving every essential element of the offense by evidence sufficient to convince the jury beyond a reasonable doubt. In a charge of grand larceny, one of those essentials is that the value be greater than $50. A conviction for that offense cannot stand unless there is satisfactory evidence of the value of the property. *State* v. *Harris*, Mo., 267 S. W. 802;

*People* v. *Leach,* 106 Cal. App. 442, 290 P. 131. Ordinarily, judicial notice will not be taken of the value of personal property, 31 C. J. S., Evidence, § 101, page 701, and as will later appear herein, this is unquestionably so in connection with the instruction given in this case.

We direct our attention to the argument of the prosecution that the court could take judicial notice of the value of the car and so instruct the jury: Judicial notice is the taking cognizance by the court of certain facts without the necessity of proof, 31 C. J. S., Evidence, § 6, page 509. One class of factual material which is the subject of judicial notice is that dealt with by statute. Section 104-46-1, U. C. A. 1943, provides: "Courts take judicial notice of the following facts:" and proceeds to list in eight separate categories, such things as English words, whatever is established by law, acts of departments of government, seals of courts, states and the United States, etc. It would be of no value to list them all here because the value of the car in question could not be thought to come under any subdivision of that statute by any stretch of the imagination.

Section 104-54-4, U. C. A. 1943, under the Code of Civil Procedure provides in part:

"* * * Whenever the knowledge of the court is by law made evidence of a fact, the court is to declare such knowledge to the jury, who are bound to accept it."

The word "knowledge" in the foregoing section is apparently used advisedly, there being a distinction between "judicial knowledge" of the public records, laws, etc. which the court is deemed to know by virtue of his office and "judicial notice" of things which are commonly known. 31 C. J. S., Evidence, § 6, page 509, 20 Am. Jur. 47. The further discussion in this opinion will show that this statute has no application to the instant case. We are not here concerned with what the result might be if the evidence in

question were such that the statute required that the jury be bound to accept it.

Beyond the scope of the statute providing that certain matters will be taken judicial notice of, there is another class of facts which are so well known and accepted that they are judicially noticed without taking the time, trouble and expense necessary to prove them. Under this doctrine the court will consider, without proof of such generally known facts, its knowledge of what is known to all persons of ordinary intelligence. 31 C. J. S., Evidence, § 7, page 510. This court has recognized that class of judicial notice in a great variety of matters, a few examples of which are: *Rugg* v. *Tolman,* 39 Utah 295, 117 P. 54, (that assignment or garnishment of wages ordinarily imputes no wrong or misconduct to the debtor) ; *Union Savings & Inv. Co.* v. *District Court of Salt Lake County,* 44 Utah 397, 140 P. 221, (the general purpose and methods of doing business of building and loan associations) ; *Salt Lake City* v. *Board of Education of Salt Lake City,* 52 Utah 540, 175 P. 654 (location of school buildings) ; *Utah State Fair Ass'n* v. *Green,* 68 Utah 251, 249 P. 1016 (that betting follows horse racing) ; *State Tax Commission* v. *City of Logan,* 88 Utah 406, 54 P. 2d 1197 (that most consumers of electrical energy are constant users). For numerous cases on judicial notice of many different subjects of common knowledge outside the classes covered by our statute see Pacific Digest, Evidence §§ 1 to 52, Inc. The taking of judicial notice of this latter class of commonly known evidentiary facts does not establish them so conclusively as to prevent the presentation of contrary evidence or the making of a finding to the contrary. The subject is treated in Wigmore on Evidence, 3d Ed., Sections 2555 et sequi, and he states in Section 2567:

"(a) That a matter is judicially noticed means merely that it is taken as true without the offering proof by the party who should ordinarily have done so. This is because the court assumes that the matter is so notorious that it will not be disputed. But the opponent

is not prevented from disputing the matter by evidence, if he believes it disputable."

In discussing this further, Wigmore refers to statutes which expressly provide that the judicial notice is the final determination and binding on the jury; and in Subsection b of the above section, continues:

"* * * Does it signify that the settlement of the matter rests with the judge and not with the jury, that the jury are to accept the fact from the judge, and that so far as any further investigation is concerned, it is for the judge alone? Such is the view sometimes found, in decisions as well as statutes [citing statutes including Utah]. *Yet it seems rather that the jury are not concluded;* that the process of notice is intended chiefly for expedition of proof; *and remains possible for the jury to negative it."* (Emphasis added.)

See also 31 C. J. S., Evidence, § 13, page 520, note 62.

Accordingly, if we assume that the value of the car is of that class of facts which is so well known that judicial notice should be taken thereof, that would not necessarily be conclusive upon the jury. It would merely take the place of evidence. Upon that basis the court could have instructed the jury to this effect: If you believe from the evidence beyond a reasonable doubt that the defendant stole the automobile in question and that it was a 1947 Ford Sedan in good condition, then you may take into consideration your knowledge acquired in the every day affairs of life in determining what value you will place upon said automobile.

Suppose any number of thoroughly competent and credible witnesses had testified that the car was worth more than $50, and there had been no evidence to the contrary, no matter how clear and convincing the evidence might have been, in a criminal case it was not the prerogative of the court to tell the jury that they have to believe it and so find. See *State* v. *Estrada,* 119 Utah 425, 227 P. 2d 247, 248, wherein this court reiterated the time honored rule that it is the sole and exclu-

sive province of the jury to determine the facts in criminal cases, whether the evidence offered by the State is strong or weak; and expressly stated:

"If the trial judge may not find a verdict of guilty, so, likewise he may not find any of the facts which are necessary elements of the crime for which the accused is being tried. * * * The provision of our State Constitution which grants accused persons the right to a trial by jury extends to each and all of the facts which must be found to be present to constitute the crime charged, and *such right may not be invaded by the presiding judge indicating to the jury that any of such facts are established by the evidence.*" (Emphasis added.)

See that case and the case of *State* v. *Green,* 78 Utah 580, 6 P. 2d 177, cited therein for the further elaboration on this principle.

It is to be admitted that upon the surface there doesn't appear to be much logic to the thought that a jury would not be bound to find that the car involved here (1947 Ford 2-Door Sedan) is worth more than $50. However, under our jury system, it is traditional that in criminal cases juries can, and sometimes do, make findings which are not based on logic, nor even common sense. No matter how positive the evidence of a man's guilt may be, the jury may find him not guilty and no court has any power to do anything about it. Notwithstanding the occasional incongruous result, this system of submitting all of the facts in criminal cases to the jury and letting them be the exclusive judges thereof has lasted for some little time now and with a fair degree of success. If the result in individual cases at times seems illogical, we can be consoled by the words of Mr. Justice Holmes, that in some areas of the law, "a page of history is worth a volume of logic." We, who live with it, have a fervent devotion to the jury system, in spite of its faults. We would not like to see it destroyed nor whittled away. If a court can take one important element of an offense from the jury and determine the facts for them because such facts seems plain enough to him, then which element

cannot be similarly taken away, and where would the process stop?

For the court to instruct the jury as it did in its Instruction No. 4 "* * * you will take the value of this property as being in excess of $50.00" was an invasion of their province as the exclusive triers of the fact and was prejudicial error. This case presents different problems than were considered in *State* v. *Angle*, 61 Utah 432, 215 P. 531. No case has been cited which supports the action of the trial court. One case has been found, certain language of which seems to indicate that the court could take judicial notice of the value of the car, *State* v. *Phillips*, 106 Kan. 192, 186 P. 743, 744, the court said:

"We must not assume to be more ignorant than everybody else, and everybody else knows that such a car is worth more than $20."

But that case did not involve an instruction as to the value the jury must place on the car as in the instant case. In the *Phillips* case, the judgment was attacked for failure to prove value but the court recited that the defendant himself testified that he and his accomplice had sold the car for $200 (ten times the amount necessary to make grand larceny in that State) and taken $100 each. The evidence of value was sufficient and the conviction was affirmed.

This appeal presents no question relating to the failure of the court to submit the question of the included offense of petty larceny to the jury and the effect of Section 105-34-6, U. C. A. 1943, which provides that the jury may find the defendant guilty of any necessarily included offense. That grand larceny usually includes the offense of petty larceny, See *People* v. *Wilder*, 52 Cal. App. 320, 198 P. 841; *People* v. *McElroy*, 116 Cal. 583, 48 P. 718; *Commander* v. *State*, 28 Ala. App. 42, 178 So. 241.

The major portion of the Attorney General's brief deals with the contention that if the failure to prove value re-

quires a reversal of the case, the defendant is not entitled to go free, but only to a new trial. With this we agree. It is well settled that reversal of a conviction at the instance of the defendant, and subsequent remand of the case for new trial does not constitute the defendant twice in jeopardy to entitle him to go free. 15 Am. Jur. 89, Crim. Law, Sec. 427; *People* v. *Travers,* 77 Cal. 176, 19 P. 268; *People* v. *Eppinger,* 109 Cal. 294, 41 P. 1037; *People* v. *Stratton,* 136 Cal. App. 201, 28 P. 2d 695. And see Sec. 105-39-2, U. C. A. 1943, and *State* v. *Kessler,* 15 Utah 142, 49 P. 293.

The judgment of the lower court is reversed and the cause remanded for a new trial.

WADE, McDONOUGH, and HENRIOD, JJ., concur.

WOLFE, Chief Justice (dissenting).

I dissent. It is a well known fact of common and general knowledge that a 1947 2-door Ford sedan in excellent condition was worth more than $50 when it was stolen in March, 1950. There is sufficient notoriety of the value of this model car for the trial court to properly take judicial notice thereof. But the majority opinion quotes from *State* v. *Estrada,* 119 Utah 425, 227 P. 2d 247, and cites *State* v. *Green,* 78 Utah 580, 6 P. 2d 177, for the proposition that in a criminal case the constitutional right to a trial by jury may not be invaded by the judge indicating to the jury that any of the facts which constitute the crime charged are established by the evidence.

Article I, Section 10, of the Constitution of Utah, states:

"In capital cases the right of trial by jury shall remain inviolate. * * *"

Article I, Section 12, further provides in part:

"* * * The accused shall not be compelled to give evidence against himself * * *."

*State* v. *Green,* supra, was an appeal from a conviction of murder in the first degree. The defendant had not taken the witness stand in his own behalf, yet the jury was instructed:

"It is not controverted in this case that the defendant Delbert Green on the 4th day of January, 1930 shot the deceased James Green with a pistol, inflicting upon said James Green mortal wounds from which wounds, said James Green died on said 4th day of January 1930."

The court then made the statement which was later quoted in the *Estrada* case and in the majority opinion in this case to the effect that there had been an infringement of the constitutional right to a trial by jury. The doctrine announced in the *Green* case should be confined to the facts of that case—a case involving capital punishment where the instruction prejudiced the defendant by calling attention to the fact that he had not taken the witness stand to controvert the evidence that he had shot and killed the deceased.

In *State* v. *Estrada,* supra, the material fact in issue was the prosecutrix's age in a prosecution for carnal knowledge. The court admitted in evidence an improper certificate of the girl's birth date to which defendant objected, and then the defendant was curtailed in cross-examination upon this matter. The jury was instructed that the uncontradicated evidence showed the girl's age to be under 18. We held the instruction to be prejudicial error, quoting at length from *State* v. *Green,* adding however that:

"By this opinion, it is not intended to hold that, if a material fact is both uncontradicted and free from doubt, it is prejudicial error per se for the court to recite it as a fact or to state that the evidence related to it is uncontradicted. It is not a good policy to so instruct, but under some circumstances it may not be prejudicial error so to do."

In *State* v. *Crank,* 105 Utah 332, 364, 142 P. 2d 178, 193, 170 A. L. R. 542, we held in a prosecution for murder that it was error for the trial court to state that it had reached

the conclusion that a particular conversation was corroborated by the facts and circumstances, which facts and circumstances tended to establish a corpus delicti. The court cited *State* v. *Green* for the proposition that in this jurisdiction

"it is exclusively in the province of the jury to pass upon the evidence, and the court may not make any comment thereon."

The rule was briefly mentioned in *State* v. *Peterson,* 110 Utah 413, 425, 174 P. 2d 843, 849, and in *State* v. *Musser,* 110 Utah 534, 559, 175 P. 2d 724, 738, that a court should not comment upon the evidence. In the latter case, the trial court stated in reference to a pamphlet on plural marriage of which defendant was one of the authors, " 'There are lots of nefarious books written. I will exclude that'." A review of these cases reveals in each instance that the rule promulgated in *State* v. *Green* was resorted to when this court wished to denounce as error some comment by the trial judge which plainly appears to be biased and harmful to the defendant.

The facts of this case are different. Defendant argued that the jury should be directed to find a verdict of not guilty upon the ground that there was no evidence as to the value of this automobile. The court took judicial notice of the obvious fact that the car was worth more than $50 and so instructed the jury. The doctrine of judicial notice of generally well known facts has been invoked in many criminal cases. Wharton's Criminal Evidence, 10th Ed. Vol. 1, Chapter VI. The rule should be the same in civil cases as in criminal cases, American Law Institute, Model Code of Evidence, Rule 1, 2 and 801. The majority opinion incorrectly assumes that in this state our Constitution forbids the trial court in a criminal case to take judicial notice of any of the facts necessary to proof of the offense. I believe we are carrying the rule of *State* v. *Green* too far.

The fact that this car was a 1947 model in excellent condition is itself very good evidence of the fact that it was

worth substantially more than $50. This is a chattel with which we are all familiar and no reasonable mind could believe that it was worth less than $50. Thus, the testimony of the owner of the automobile as to its make, model and condition made out a prima facie case as to its value. Instead of presenting evidence to rebut what the value of the car was, defendant seeks a reversal of the conviction contending that the State failed in its burden of proof. But the proof is plainly there.

The argument is made, that if the court could properly have taken judicial notice of the value of the car, it erred in instructing the jury that:

"In this case you will take the value of this property as being in excess of $50.00, and therefore the defendant if he is *guilty at all, is guilty of grand larceny;*"

that this instruction in effect precluded the jury from exercising its illogical discretion in finding the defendant guilty of petit larceny. In *State* v. *Angle,* 61 Utah 432, 215 P. 531, the question was considered whether the trial court erred in instructing the jury that the verdict must be either that the defendants were guilty of grand larceny as charged in the information or not guilty. It is there decided that where there is no evidence to reduce the offense to the lesser grade of petit larceny, error cannot be predicated on the failure to give an instruction upon the lesser offense.

In order to scrupulously refrain from permitting the trial court to invade the province of the jury, the majority opinion suggests that the court could have instructed the jury that

"you may take into consideration your knowledge acquired in the every day affairs of life in determining what value you will place upon said automobile."

The question thus arises: If the court takes judicial notice of a fact, or at least believes a fact is so obvious that proof thereof is unnecessary, in what manner must he see that a

just verdict does not fail for want of that fact? How should his decision to take judicial notice of a fact be transmitted to the jury? Mr. Justice Crockett believes it to be prejudicial error if the trial court tells the jury forthright, what is obviously so—that the car is worth more than $50. He would rather have the jury instructed that they are to draw from their own everyday experience in determining what the car is worth.

There is no constitutional provision which prohibits the trial judge from taking judicial notice in a criminal case of a fact, sufficiently notorious. If the fact is so well known that judicial notice should be taken thereof, it then becomes the duty of the court to inform the jury that the matter should be taken to be established. Counsel not contending that the fact is controverted, the jury should be instructed as to what the fact is. The trial court in this case stated in effect that the evidence as to value of the property stolen warranted conviction of grand larceny, if defendant was guilty at all. The jury was fully instructed that before the defendant could be found guilty of grand larceny they must believe beyond a reasonable doubt that the defendant drove away the Ford automobile, with a felonious intent of stealing said property and permanently depriving the owner thereof. The jury was left free to determine the ultimate fact of guilt or innocence.

The prejudicial error in the *Green* and *Estrada* cases, et al. is obvious. Here the common sense and fairness in the way the trial court conducted the case is equally apparent. This is not a case of denying the defendant any basic right to an impartial trial by jury, but is an instance of creating a loophole in the law through which defendant escapes only to a new trial. Adequate safeguards against any abuse of the rule permitting a trial court to take judicial notice of commonly known facts are provided by an appeal to this court.

I believe the wiser policy is to allow the trial court to comment upon the evidence and to advise the jury in a

proper case, so long as it is done impartially. Dean Wigmore in Section 2551 of the 3rd Edition of his treatise on Evidence states:

"The practice of such comment existed at common law since the beginning of jury trial, and must be regarded historically as an essential and inseparable part of jury trial. But in the course of a popular political movement, sweeping through the nation a little more than a century ago, this part of the trial judge's function was taken from him by statute or by constitution in most of the States. * * * In the Federal Courts of the United States the orthodox practice has never been yielded up, and has served powerfully to maintain their prestige for justice."

Jurisdictions in which the orthodox practice still exists are California, *People* v. *Mason,* 72 Cal. App. 2d 699, 165 P. 2d 481; New York, *People* v. *Buccola,* 239 App. Div. 356, 267 N. Y. S. 248; Michigan, *People* v. *Padgett,* 306 Mich. 545, 11 N. W. 2d 235; Connecticut, *Schiavo* v. *Cozzolino,* 134 Conn. 388, 57 A. 2d 723, 3 A. L. R. 2d 214; New Jersey, *State* v. *Giampietro,* 107 N. J. L. 120, 150 A. 367; and Pennsylvania, *Com.* v. *Pursel,* 110 Pa. Super. 110, 167 A. 399. In this jurisdiction, we have only applied the rule in those cases where the comment upon the evidence was in fact prejudicial. We should not take those statements to mean that any comment, regardless of its harmful character, is automatically grounds for reversal. Our Constitution does not require us to so hold.

"That the preservation of the pristine power of the Court to comment and advise the jury is essential to the efficient working of the jury system, and that the deprivation of that power is highly injurious has been often pointed out by judges and lawyers of experience." Wigmore on Evidence, 3d Ed. Section 2551 A.

And a fortiori, we should not reverse the trial court for taking judicial notice of such an obvious fact in this case upon the misconception that it is unconstitutional, or that it is a comment upon the evidence, or that it is prejudicial. I would therefore affirm the judgment.